**Michael KING and Lydia King, Appellants,**

v.

**John O. BISHOP, M.D., John O. Bishop, M.D., P.A., and the Methodist Hospital, Appellees.**

**No. A14–93–00421–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 19, 1994.

Denise Hubbard, Jon B. Burmeister, Houston, for appellants.

Jay L. Winckler, Don Jackson, James B. Lewis, Patrick W. Mizell, Jason J. Kuller, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant, Michael King, was injured when he fell in the post-operative room of Methodist Hospital after being operated on by Dr. John O. Bishop. Appellants reached a mediated settlement with appellees, Bishop and Methodist Hospital, for two-hundred thousand dollars. The trial court entered judgment in accordance with the settlement agreement on January 11, 1993. On February 4, 1993, appellants filed a motion for new trial alleging that they agreed to the settlement under duress exerted by their attorney. Appellants did not allege that appellees acted improperly during the settlement negotiations. The trial court denied appellants' motion for new trial. We affirm the judgment of the trial court.

In appellants' first and second points of error, appellants contend that the trial court erred in overruling appellants' Motion for New Trial because Michael King was under duress at the time he signed the settlement agreement. Appellants claim that their attorney coerced them into signing the settlement agreement by telling them that Michael King's license to practice medicine would be revoked if appellants did not sign the settlement agreement and that appellants would have to pay court costs if the case was not settled that day. Appellants also claim that their attorney insisted that Michael King stay at the mediation after Michael King asked to be excused because he was in pain. Appellants' attorney filed an intervenor's response to appellants' brief denying appellants' accusations.

Economic duress requires: (1) a threat to do something which a party threatening has no legal right to do; (2) some illegal exaction or some fraud or deception; and (3) imminent restraint such as to destroy free agency without present means of protec-

**224**

tion. *Simpson v. MBank Dallas, N.A.,* 724 S.W.2d 102, 109 (Tex.App.—Dallas 1987, writ ref'd n.r.e). A contract may be invalid or unenforceable by reason of economic duress where undue or unjust advantage has been taken of a person's economic necessity or distress to coerce him into making the agreement. *Brown v. Cain Chemical, Inc.,* 837 S.W.2d 239, 244 (Tex.App.—Houston [1st Dist.] 1992, writ denied). However, a contract will not be invalidated when the duress emanates from a third person who has no involvement with the opposite party to the contract. *Dimmitt v. Robbins,* 74 Tex. 441, 447, 12 S.W. 94, 97 (1889). One who sustains damage as a result of duress exerted by a third person may sue the third person as plaintiff. *King Construction v. W.M. Smith Electric Company,* 350 S.W.2d 940, 944 (Tex. Civ.App.—Texarkana 1961, writ ref'd n.r.e).

 Appellants concede that appellees were not involved in appellants' attorney's alleged coercive conduct. As such, the settlement agreement reached by appellants and appellees is valid and enforceable. If anything, appellants' complaint seems to be that they were not adequately represented by counsel. *See Hollaway v. Hollaway,* 792 S.W.2d 168, 171 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (upholding property settlement agreement over appellant's allegations that she was coerced into signing agreement by her own attorney). Appellants' first and second points of error are overruled.

In their third point of error, appellants contend that the consent judgment cannot be enforced because appellants withdrew their consent prior to the entry of the judgment. However, there is nothing in the record indicating that appellants withdrew their consent prior to the signing of the judgment. It is appellants' burden to present a sufficient record to show error requiring reversal. TEX.R.APP.P. 50(d). The record indicates that appellants first mentioned duress as a possible defense to the enforcement of the settlement agreement in a supplemented petition filed January 14, 1993. The trial judge signed the judgment on January 11, 1993. With nothing in the record supporting their claim that they withdrew their consent, we

must overrule appellants' third point of error. *See McCaskill v. McCaskill,* 761 S.W.2d 470, 473 (Tex.App.—Corpus Christi 1988, writ denied) (upholding an agreed judgment when the record did not reflect that consent was withdrawn prior to the signing of the judgment).

The judgment of the trial court is affirmed.