Krystyna M. KOSOWSKA, Appellant,

v.

Tahir Y. KHAN d/b/a Colonies North Exxon Car Care Center, Appellee.

No. 04–95–00217–CV.

Court of Appeals of Texas, San Antonio.

Aug. 14, 1996.

Rehearing Overruled Oct. 3, 1996.

Krystyna M. Kosowska, San Antonio, pro se.

John Curney, Jr., Shari D. Meffert, Johnson, Curney & Fields, P.C., San Antonio, for appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

This appeal presents issues concerning the enforceability of a Rule 11 agreement and duress. Kosowska, the appellant, appeals from a summary judgment granted in favor of Khan in this Deceptive Trade Practices Act (DTPA) case. Because we believe that she entered into a valid and binding settlement agreement with Khan, we affirm.

### Facts

Kosowska took her 1986 Volvo to the appellee (Khan's) garage, the Colonies North Exxon Car Care Center, where, she says, they totally destroyed her car's engine. Kosowska filed suit against Khan on March 27, 1992 claiming that Khan violated sections of the DTPA regarding the manner in which he repaired her car. This first lawsuit was settled by Khan and Kosowska on August 13, 1992 when they entered into a compromise and settlement agreement for $10,000. This agreement was recorded by a court reporter at the defense lawyer's office. On August 18, 1992 the statement on the record as taken by a certified shorthand reporter was filed in cause number 203,311 (the first lawsuit). On August 24, 1992, Kosowska repudiated the oral agreement. She said that her attorney had forced her into the agreement by claiming that Khan's lawyers had some letters which were embarrassing to her. After several continuances requested by Kosowska were granted, the case was dismissed for want of prosecution on January 25, 1993. The order was entered with prejudice.

Kosowska perfected an appeal from the order dismissing the March 1992 lawsuit with prejudice for lack of prosecution. This court filed an unpublished opinion affirming the order to dismiss but reforming the judgment to reflect that the dismissal was without prejudice.

On December 20, 1993, Kosowska filed her second lawsuit against Khan alleging claims identical to the first suit. This appeal arises out of a judgment entered in that second lawsuit. Khan filed a motion for summary judgment arguing that the claims being litigated in the second lawsuit had previously

been compromised and settled by the parties on August 13, 1992. On January 6, 1995, Khan's motion for summary judgment was granted by the trial court and a final judgment was entered in which the compromise and settlement agreement was found to be valid and enforceable. The trial court specifically declined to find that the compromise and settlement agreement between the parties was the result of duress or undue influence.

The defendant, Khan, deposited $10,000 into the registry of the court on January 18, 1995. Kosowska's second lawyer filed a notice of transfer and assignment of interest in cause of action and petition. The trial court ordered the county clerk to release the sum of $4,138 to the second lawyer over Kosowska's objection. A judgment creditor of Kosowska filed an intervention in the suit and obtained a turnover order directing the county clerk to pay the remainder of the money in the registry of the court to him. Again, this was done over Kosowska's objection.

### The Settlement Agreement

█  In her first point of error, Kosowska argues that the trial court erred in granting Khan's motion for summary judgment because Khan failed to establish that there were no genuine issues of material fact related to the criteria for enforceability of a settlement agreement pursuant to Rule 11. Kosowska argues that the evidence shows that the settlement agreement was never signed. Kosowska also argues that the agreement is not an enforceable Rule 11 agreement because it was not made in open court. According to Kosowska, contract law cannot be applied to enforce an agreement that does not comply with Rule 11.

█  Texas Rule of Civil Procedure 11 provides as follows:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

The Texas Supreme Court has recently reaffirmed the rationale supporting Rule 11. The court, quoting earlier decisions, stated that Rule 11 exists because verbal agreements of counsel respecting the disposition of cases are very likely to be misconstrued and forgotten and to lead to misunderstandings and controversies. *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex.1995). A settlement agreement must comply with Rule 11 to be enforceable. *Id.*; *Kennedy v. Hyde*, 682 S.W.2d 525, 526 (Tex.1984).

The Texas Supreme Court has said that in construing Rule 11 and any exceptions to it, "an examination of the policy behind the rule is always paramount." *Kennedy*, 682 S.W.2d at 529. The court also said the following regarding the construction of Rule 11:

> Our holding, that Rule 11 means precisely what it says, should not be interpreted as requiring "slavish adherence" to the literal language of the rule in all cases ... To the contrary, there are well recognized exceptions to the rule in this state, and in other jurisdictions with similar requirements ... For example, an undisputed stipulation may be given without literal compliance with the rule ... Likewise, an agreement in compliance with the rule is subject to attack on the grounds of fraud or mistake, ... and a nonconforming agreement may be enforced for similar equitable reasons ... Quite recently this court has interpreted the requirements of Rule 11 liberally to conform to modern trial practice....

*Id.* (citations omitted). We believe this case fits the above language. The purpose of Rule 11 is to prevent parties from misconstruing oral agreements. This is achieved by requiring the agreements to be memorialized in one of two ways. First, an agreement can be made in writing, signed by both parties and filed with the court. Second, the agreement can be made in open court and entered of record. These two provisions allow the agreements to be put into written form and kept with the court's records so that the parties to the suit cannot dispute its existence or contents. In this case, there is no question that there was an earlier oral agreement which was memorialized in writing.

Kosowska is attempting to avoid the effect of her agreement.

The agreement in this case comports with the policy behind Rule 11. *See Kennedy,* 682 S.W.2d at 529. The agreement was made between Kosowska and Khan before a certified shorthand reporter and notary public. The agreement recites who was present at its making, the terms of the settlement and release, Kosowska's acceptance, and Kosowska's acknowledgement that the settlement, recited, was true and correct. The settlement agreement was transcribed by the court reporter and signed by her. The settlement agreement was then filed with court and made a part of the record. The settlement agreement was a signed writing filed with the court. At the time it was entered into, Kosowska clearly agreed to it. Kosowska later changed her mind and sought to avoid the agreement.

We hold that the settlement agreement in this case is in substantial compliance with Rule 11 as a matter of law. We overrule Kosowska's first point of error.

### Duress

In her second point of error, Kosowska argues that her acceptance of the settlement offer was the result of the undue influence and duress exerted on her by her attorney. Kosowska argues that she came forward with her own affidavit which recited that her attorney told her that Khan's attorney's had found letters which were embarrassing and could be used against her. Kosowska argues that she only accepted the settlement due to her attorney's threats about these letters. She argues that her affidavit raises a material issue of fact as to whether or not she knowingly and willingly consented to the alleged settlement agreement or whether it was signed under duress.

In order to support a claim that a contract may be set aside due to duress or undue influence, the duress must come from the other party to the contract. A contract will not be invalidated "when the duress emanates from a third person who has no involvement with the opposite party to the contract." *King v. Bishop,* 879 S.W.2d 222, 224 (Tex.App.—Houston [14th Dist.] 1994, no

writ). The facts in *Bishop* are remarkably similar to this case. There, a personal injury plaintiff entered into a settlement agreement with the defendant. Later the plaintiff attempted to revoke the settlement agreement by claiming that he had been coerced into the settlement by his attorney. The court held that in order to invalidate a contract based on undue influence or duress, the coercion must come from the opposing party to the agreement, not the claimant's attorney. *Id.*

In this case, Kosowska alleges that the duress emanated from her own attorney and not from Khan. Therefore, as a matter of law, she has failed to state a claim that the contract is unenforceable due to duress or undue influence. *King,* 879 S.W.2d at 224; *see also Dimmitt v. Robbins,* 74 Tex. 441, 447, 12 S.W. 94, 97 (1889). Although in her brief, Kosowska attempts to implicate Khan's lawyers by suggesting that they were working in tandem with her lawyer, there is nothing in the record to support this allegation. The only evidence presented by Kosowska concerns her lawyer's alleged actions. In her motion for summary judgment, Kosowska fails to raise a fact issue with regard to a person, other than her attorney, using duress and undue influence to compel her to enter the settlement agreement. We overrule her second point of error.

### Dismissal

In her third point of error, Kosowska alleges that it was error for the trial court to base the summary judgment on the compromise and settlement agreement in the first case when that case was dismissed for want of prosecution. Essentially, Kosowska argues that Khan repudiated the contract in question because he appeared on the trial date and announced ready for trial and then sought to have the case dismissed for want of prosecution. Kosowska argues that by announcing ready for trial, Khan effectively repudiated the agreement. However, Kosowska fails to cite any legal authorities in support of this proposition.

Texas Rule of Appellate Procedure 74(f) states that a party's brief of the argument shall include "such discussion of the

facts and authorities relied upon as may be requisite to maintain the point at issue." When an appellant raises a point of error on appeal, but fails to cite to any authority, this failure "constitutes a waiver of the alleged error." *Raitano v. Texas Department of Public Safety,* 860 S.W.2d 549, 554 (Tex. App.—Houston [1st Dist.] 1993, writ denied): *Olson v. Central Power and Light Co.,* 803 S.W.2d 808, ·813 (Tex.App.—Corpus Christi 1991, writ denied). Although we construe the rules of appellate procedure liberally, "a point of error unsupported by the citation of authority presents nothing for this court to review." *Raitano,* 860 S.W.2d at 554. We overrule Kosowska's third point of error.

We affirm the judgment.

DUNCAN, Justice, concurring.

I agree that the settlement agreement in this case is enforceable—but only because Kosowska's pleadings do not dispute that she orally agreed to settle her case against Kahn for $10,000. *See Kennedy v. Hyde,* 682 S.W.2d 525, 530 (Tex.1984) (rejecting "attempt to bring this case within an exception to Rule 11 by claiming that the oral agreement is 'undisputed'" because "[t]he oral agreement was disputed and unenforceable at the moment its existence was denied in the pleadings"); *see also id.* at 530–532 (Gonzales, J., dissenting) (Kennedy agreed in his deposition that he had agreed to settle the suit for $12,000 but later changed his mind).