## In re MORTGAGE ANALYSIS PORTFOLIO STRATEGIES, INC. dba MAPS, INC., Debtor.

### Bankruptcy No. 97–13168FM.

United States Bankruptcy Court, W.D. Texas, Austin Division.

April 1, 1998.

Stephen A. Roberts, Griggs & Harrison, Austin, TX, Co–Counsel for Petitioning Creditors.

A. Allise Burris, Austin, TX, for Toni Moss.

Barbara Barron, Barron & Newburger, P.C., Austin, TX, Co–Counsel for Petitioning Creditors.

### *MEMORANDUM OPINION*

FRANK R. MONROE, Bankruptcy Judge.

The Court convened a hearing on December 15, 1997, on the Motion of Andrea Pimen-

tel for Reconsideration of Discovery Sanctions Order ("Motion to Reconsider") filed in the above-referenced bankruptcy case and the issues of sanctions and whether the dismissal under the Motion to Dismiss Involuntary Petition with Prejudice and Motion for Sanctions ("Motion for Sanctions") should be with prejudice. Prior to the hearing commencing counsel for Jennifer Riche, Andrea Pimentel, Dennis Schewitz, and Susan F. Munson made an oral motion to enforce an alleged settlement agreement. After hearing the arguments of counsel the Court took the oral motion under advisement. The Court has considered the arguments of counsel for the parties, reviewed the written Motion filed after the hearing and the response thereto, and the briefs of counsel. In addition, the Court has conducted its own independent legal research on the issues.

The convoluted history of this case reflects its genesis as a business "divorce". On August 15, 1997, an Involuntary Petition under Chapter 7 was filed against Mortgage Analysis Portfolio Strategies, Inc. dba MAPS, Inc. ("MAPS") by Susan F. Munson, Andrea Pimentel, and Dennis B. Schewitz, petitioning creditors. There is no dispute that the involuntary petition was defective on its face as the aggregate of the petitioning creditors' claims did not total $10,000.00. On September 10, 1997, creditor and 50% stockholder Toni Moss filed on behalf of the Debtor a Motion to Dismiss Involuntary Petition with Prejudice and Motion for Sanctions. On September 29, 1997, an Amended Petition was filed that cured all facial defects. However, on that same date an Order was entered by agreement of the parties which dismissed the Involuntary Petition, but reserved the issues of (1) whether the dismissal should be prejudice and, (2) whether sanctions should be awarded for bad faith filing of the Involuntary Petition. Those issues were set for hearing on November 19, 1997. In the interim, the parties continued their negotiations regarding the settlement of the remaining issues. However, a discovery dispute ensued when Toni Moss, the creditor and stockholder opposing the Involuntary Petition, sought to take the deposition of Andrea Pimentel, one of the petitioning creditors and the other 50% stockholder in the alleged Debtor. A discovery order was entered by the Court which, among other things, awarded Ms. Moss $500.00 in fees. A Motion to Reconsider the Court's discovery order was filed by Andrea Pimentel which was set to be heard with the dismissal and sanctions issues on the 19th.

It is here that the stories of the parties diverge. Counsel for Petitioning Creditors maintains the parties reached a full and complete settlement of all remaining issues, including the discovery dispute, at one of the depositions taken in the case several days before the November 19th hearing. The alleged agreement was read into the record of the deposition with *both* counsel present and indicating their consent without reservations of any kind. However, at the hearing counsel for Toni Moss announced that no such settlement agreement had been reached and argued for a hearing on her Motions. In response opposing counsel orally moved for enforcement of the settlement agreement. The Court took the matter under advisement and requested briefs from the parties. Subsequently, a written Motion to Enforce Settlement Agreement or, in the Alternative, to Dismiss Motion for Sanctions and for Sanctions was filed by the Petitioning Creditors.

### ISSUE

The only issue presently before the Court is whether the settlement agreement between the parties should be enforced?

### CONCLUSIONS OF LAW

■ On November 12, 1997, the parties dictated the terms of a settlement agreement to a court reporter during the pendency of a deposition and acknowledged their agreement to those terms as part of that record. However, before the settlement was ever announced in open court it was disputed by counsel for Toni Moss. A copy of the transcript was filed of record with the Court *after* Moss repudiated the agreement and it has been reviewed by the Court.

The Fifth Circuit has stated,

"a settlement is a contract and is best resolved by reference to state contracts law."

*Matter of Omni Video, Inc.,* 60 F.3d 230, 232 (5th Cir.1995). In *Omni,* as here, the Fifth Circuit found that since the agreement was negotiated and to be performed in Texas, Rule 11 of the Texas Rules of Civil Procedure applies. That rule provides that,

"no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

Rule 11, Texas Rules of Civil Procedure.

In *Omni* all the interested parties appeared in open court and announced on the record the terms of the settlement. Each party then acknowledged that these were the terms agreed upon by the parties. The defendants, who objected to the settlement agreement, did not dispute that they had entered into a binding agreement. However, they argued that not all the terms had been announced on the record. In addition, the agreement had already terminated by its own terms and, thus, a judgment should not be entered. The Fifth Circuit held that the formal announcement in open court met the requirements of Rule 11. Thus, since a binding contract had been created it was enforceable between the parties.

Contrary to the petitioning creditors interpretation, no where in *Omni* does the Fifth Circuit state that it is not necessary for the settlement to be either (1) in writing, signed and filed with the papers as part of the record, or (2) made in open court and entered of record as required in Rule 11 of the Texas Code of Civil Procedure. It merely held that the announcement before the bankruptcy court in open court fulfilled the requirement under the second part of Rule 11. What the Fifth Circuit *did* say was,

"*[a]ssuming a settlement meets the requirements of Rule 11 and is an enforceable contract,* it can be enforced by summary judgment. In addition, this Court has held that '[f]ederal courts have an inherent power to enforce settlement agreements entered into by the parties(4)27 in a

pending case(6)27' " (emphasis added; citations omitted).

*Omni,* 60 F.3d 230 at 232.

■ Thus, while this Court has the inherent power to enforce settlement agreements between parties, this Court must first find that the settlement meets the requirements of Rule 11 before it can even reach the issue of the enforceability of the contract.

Clearly, this settlement agreement was not announced in open court and entered in the record. It was, however, announced at a deposition and entered into that record which was later reduced to writing and filed with the papers as part of the record; however, it is not signed by the parties or their counsel. The fact that it was not filed with the Court until *after* it was repudiated by Ms. Moss' counsel is largely irrelevant. In *Padilla v. LaFrance,* 907 S.W.2d 454 (1995) the Texas Supreme Court held that a series of letters between opposing counsel and the adjuster constituted a valid settlement agreement, enforceable under state law. The settlement letters were filed of record after one of the parties to the agreement had revoked their consent. The Texas Supreme Court said,

"[a]lthough Rule 11 requires the writing to be filed in the court record, it does not say when it must be filed. The purpose of the rule—to avoid disputes over the terms of the oral settlement agreements—is not furthered by requiring the writing to be filed before consent is withdrawn. As noted by the dissent below, '[t]o require the parties to immediately rush to the courthouse with a signed document in order to quickly comply with the requirements of Rule 11 before the other party reneges on his agreement goes against the grain of the policy in Texas jurisprudence which favors settlement of lawsuits.' 875 S.W.2d at 735. The purpose of the filing requirement, in the language of *Birdwell v. Cox,* is to put the agreement before the court so that 'the court can judge of [its] import, and proceed to act upon [it] with safety.' 18 Tex. at 537."

*Padilla,* 907 S.W.2d at 460. Here, a copy of the settlement agreement as transcribed by the court reporter at the deposition was filed with the Court as part of the Motion for

Enforcement. As such, the settlement agreement has been filed and made part of the record as required by Rule 11.

Moss argues that because the settlement agreement contains no signatures it is not binding or enforceable. In rebuttal Petitioning Creditors cite *Kosowska v. Khan,* 929 S.W.2d 505 (Tex.App.—San Antonio 1996, *writ denied* ) as a case where the state court enforced a settlement agreement transcribed and signed by a court reporter.

In *Kosowska* the settlement agreement was transcribed by a court reporter and *signed only by her.* It was then filed with the court and made part of the record. Subsequently, the plaintiff changed her mind and attempted to avoid the agreement. The Texas Court of Appeals held that the settlement agreement substantially complied with Rule 11 and was enforceable. Specifically, the court stated,

> "[t]he agreement was made between Kosowska and Khan before a certified shorthand reporter and notary public. The agreement recites who was present at its making, the terms of the settlement and release, Kosowska's acceptance, and Kosowska's acknowledgment that the settlement, recited, was true and correct.... At the time it was entered into, Kosowska clearly agreed to it."

*Kosowska,* 929 S.W.2d at 508.

Likewise, here the agreement recites who was present at its making, the terms of the settlement and release, and Moss' counsel's acceptance of and acknowledgment that the settlement, as recited, was true and correct. Therefore, the settlement agreement between the parties complies with the requirements of Rule 11 of the Texas Code of Civil Procedure and is enforceable.

Another rationale which argues for finding this agreement binding is that the intent of Rule 11 has been met. The agreement was orally read into the record of a deposition with all present and in agreement. That was then reduced to writing and filed with the Court. This procedure clearly avoids any dispute over the terms of an "oral settlement agreement" which the Texas Supreme Court in *Padilla* found was the purpose of the Rule. And here, there is no dispute as to what was said or agreed upon. How can there be? It was recorded when made and then filed of record.

 In addition to seeking enforcement of the settlement agreement, counsel for Petitioning Creditors has requested under Local Rule 1001(g) that sanctions be awarded against Moss and her counsel for repudiating the settlement agreement the day before the hearing in the case. Under Local Rule 1001(g) all counsel are to observe the standards of conduct set out in *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n,* 121 F.R.D. 284 (N.D.Tex.1988).

*Dondi* states under "Relations with Opposing Counsel";

> "[a] lawyer should adhere strictly to all express promises to and agreements with opposing counsel, whether oral or in writing, and should adhere in good faith to all agreements implied by the circumstances or by local custom."

*Dondi,* 121 F.R.D. at 296.

The conduct of Moss' counsel in entering into a settlement agreement in the midst of depositions (which were then canceled midway through them) and then notifying opposing counsel the day before the hearing that she had changed her mind is abusive conduct that clearly violates the standards of conduct set forth in *Dondi.* It is irrefutable that the parties agreed that the firm of Barron and Newburger would pay Moss' counsel $6,000.00 in attorney's fees (inclusive of the prior discovery sanction of $500.00) and, in return, Moss' Motion for Sanctions would be dismissed. Due to Moss's counsel's repudiation court time has been consumed in sorting out the "he said/she said" of contentious discovery disputes and in rehashing issues that had been settled between the parties.

Counsel for Moss failed to adhere to her express oral agreement with opposing counsel regarding settlement of this case. There is no justification for her actions. The Court will enforce the settlement agreement under which Barron & Newburger will be required

to pay $6,000.00 (less $500 previously paid) to counsel for Moss.[1]

Even though Moss' counsel's behavior violates the standards of *Dondi* and it is inappropriate at best, the Court feels that this portion of the parties feuding should best be put to rest and no more sanctions taken up by either side.

Due to the enforcement of the settlement agreement, the Motion to Reconsider is moot and the Motion for Sanctions is deemed compromised pursuant to the terms of the settlement itself which are:

> "[I]n settlement of the current proceeding in the bankruptcy court, the law firm of Barron & Newburger agrees to pay directly to Allise Burris for attorney's fees incurred in connection with this proceeding the sum of $4,000, less the sum of $500 previously paid under the Court's order granting sanctions; and in addition, the firm will pay $2,000 more dollars at $500 a month commencing 30 days after the entry of the order. The parties will agree to the entry of an agreed order stating that the dismissal of the bankruptcy case is with prejudice for 90 days, unless Moss and Pimentel waive that requirement in writing. And the order will recite something to the effect that this settlement is no admission of any liability, bad faith, or other wrongdoing by any party; that the firm of Barron & Newburger is paying the sum to buy peace and the Moss and her attorney are accepting the sum to buy peace; and this shall not constitute a waiver of any of the parties' other rights."

Settlement Agreement for the Deposition of November 12, 1997.

An Order of even date herewith will be entered in accordance with this Court's Memorandum Opinion.

---

1. Upon trial Moss may have been awarded far less in sanctions due to the relative ease with which dismissal was effected since the Involuntary Petition was defective *on its face* and since the alleged Debtor's business was not interrupted by the filing of the Involuntary Petition as it was not conducting any business and had not for some time because the two shareholders (Moss and Pimentel) were in the midst of state court proceedings seeking their "business divorce".