Opinion issued August 19, 2004  












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00855-CV




CESAR SYLVA, Appellant

V.

PHILIP A. DONISI AND ROBERT J. PILEGGE, INDIVIDUALLY AND AS
THE INDEPENDENT CO-EXECUTORS OF THE ESTATE OF HUBERT S.
FINKELSTEIN, DECEASED, AND MEDALLION INTERNATIONAL
CORPORATION, Appellees




On Appeal from Probate Court No. 1
Harris County, Texas
Trial Court Cause No. 326542-401




MEMORANDUM OPINION
          This appeal stems from the summary judgment rendered by the trial court in
favor of appellees Philip A. Donisi and Robert J. Pilegge, individually and as the
independent co-executors of the estate of Hubert S. Finkelstein, deceased, and
Medallion International Corporation against appellant, Cesar Sylva. Sylva sued
Hubert S. Finkelstein and Medallion International Corporation (Medallion) asserting
claims of breach of contract, tortious interference with a business relationship, and
intentional infliction of emotional distress based on Medallion’s and Finkelstein’s
refusal to sign a settlement agreement in the underlying lawsuit. We affirm.
BACKGROUND
          Medallion filed suit against Sylva and Sylva Engineering Corporation (SEC)
for breach of contract for consulting services. At the time of the initial lawsuit,
Hubert Finkelstein operated and was a part owner of Medallion. Finkelstein is now
deceased, and appellees Philip Donisi and Robert Pilegge are co-executors of his
estate. During the pendency of the lawsuit, Medallion’s counsel, Michael Lennon, 
contacted Sylva and indicated that Medallion and Finkelstein were willing to settle. 
Sylva’s counsel, Patricia Casey, told Lennon that Sylva was only willing to settle if
offered an agreement wherein Finklestein and Medallion would agree not to file any
further lawsuits against Sylva and SEC based on their past dealings, since there was
a history of litigation between companies controlled by Finklestein and companies
controlled by Sylva. At the time of the settlement offer, Sylva was negotiating to sell
SEC to a third party. 
          In a discussion with Sylva and Casey, Lennon indicated that he did not think
that there would be a problem with the terms of the settlement. Casey drafted a
proposed settlement agreement, which she sent via facsimile machine to Lennon. 
Lennon made certain changes to the proposed draft and returned it, unsigned, to
Casey. Kirk Worley, a lawyer in Casey’s firm, incorporated the revision, had Sylva
execute the agreement, and sent the draft of the settlement agreement to Lennon,
asking him to have it executed by Finkelstein. At no point during this process did
Finkelstein or any other representative of Medallion sign the agreement.
           Medallion sent SEC a proposed “Settlement and Release agreement,” signed
by its vice president, Robert Pilegge, that limited the scope of the settlement and
release to Medallion’s claims against Sylva and SEC. Sylva and SEC did not sign the
agreement proposed by Medallion. The lawsuit was finally resolved by summary
judgment in favor of Sylva and SEC.
          Sylva then brought suit against Medallion and Finkelstein, alleging breach of
contract, tortious interference with business relations, and intentional infliction of
emotional distress. The breach-of-contract claim is based on Medallion’s refusal to
abide by the requirements of the unsigned rule 11 agreement; the tortious-interference
claim is based on the effect that the continuing litigation had on Sylva’s ability to sell
SEC; and the intentional-infliction-of-emotional-distress claim is based on Sylva’s
allegations that he suffered severe depression as a result of the breach of contract and
tortious interference.
DISCUSSION
Standard of Review
          Rule 166a(c) provides that summary judgment is proper only when the movant
proves that there is no genuine issue as to any material fact and he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995). When evaluating a summary judgment,
we assume that all evidence favorable to the non-movant is true and indulge every
reasonable inference in favor of the non-movant. Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997). If the movant shows that he is entitled to judgment as
a matter of law, the non-movant must present evidence raising a fact issue in order
to defeat summary judgment. See Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197
(Tex. 1995). 
Competence of Evidence
          In his third issue, Sylva argues that Medallion’s evidence was insufficient to
support any form of summary judgment because it did not present competent
evidence to support the claims made in its motion for summary judgment. Sylva
complains only that the affidavit of Greg Schuelke relates to damages. Sylva does not
mention the remaining 200 pages of summary judgement evidence attached to
Medallion’s motion, nor does he cite to any authority to support his contention. Sylva
has waived his complaint in his third issue by his inadequate briefing. See RE/MAX
of Texas, Inc. v. Katar Corp., 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.]
1997, pet. denied) (concluding that appellant’s failure to provide argument, authority,
or record references in support of point of error left nothing for appellate court to
review).
Sylva’s Issues
          In his second issue, Sylva contends that the trial court erred if it granted
Medallion’s motion for summary judgment under rule 166a(c) because Sylva, by
means of pleadings, affidavits, and other summary judgment evidence, raised issues
of material fact. Sylva asserts that Medallion, in its motion for summary judgment,
did not negate Sylva’s breach-of-contract claim as a matter of law. Sylva argues that
the facsimile communications between Casey and Lennon constitute a rule 11
agreement


 because, taken together, they contain all of the material terms of the
settlement agreement between the parties. Sylva contends that, even though the
communications were not signed, they should still be held sufficient to satisfy the
requirements of rule 11. 
          Rule 11 states, “No agreement between attorneys or parties touching any suit
pending will be enforced unless it be in writing, signed, and filed with the papers as
part of the record, or unless it be made in open court and entered of record.” Tex. R.
Civ. P. 11. The supreme court has held that settlement agreements must satisfy the
requirements of rule 11 to be enforceable. Kennedy v. Hyde, 682 S.W.2d 525, 528-29
(Tex. 1984).
          Sylva relies upon Padilla v. LaFrance to support his contention that the
agreement is enforceable despite not being signed. In Padilla, a party revoked his
consent to a settlement agreement enforceable under rule 11 before the agreement was
filed with the court. Padilla v. LaFrance, 907 S.W.2d 454 (Tex. 1995). The Texas
Supreme Court held that, while the rule 11 agreement had to be filed in the court
record, the filing did not have to take place before consent was withdrawn by one of
the parties for the rule 11 agreement to be valid. Id. at 461. The court in Padilla also
reasoned that the “in writing” requirement of rule 11 could be analogized to the
statute of frauds, so that a series of communications that were complete within
themselves in every material detail and that contained all the elements of the
agreement could constitute a rule 11 agreement. Id. at 460. Padilla does not address
the requirement that the rule 11 agreement be signed, and therefore Padilla does not
support Sylva’s contention.
          Sylva also argues that Ebner v. First State Bank of Smithville and Kosowska
v. Khan indicate that substantial compliance with rule 11 is sufficient. Ebner v. First
State Bank of Smithville, 27 S.W.3d 287 (Tex. App.—Austin 2000, pet. denied);
Kosowska v. Khan, 929 S.W.2d 505 (Tex. App.—San Antonio 1996, writ denied). 
However, in Ebner, a written and unsigned rule 11 agreement was held not to be
enforceable. Ebner, 27 S.W.3d at 294-95. Kosowska concerned an oral agreement
and whether it was made and entered into the record in a manner that complied with
the second way to create an enforceable rule 11 agreement: making the agreement in
open court and entering it of record. Kosowska, 929 S.W.2d at 507-08. Neither of
these cases supports the proposition that a written rule 11 agreement can be valid if
not signed by one of the parties or their counsel.
          Sylva admits that the agreement that he seeks to enforce is unsigned and has
provided no authority for the proposition that an unsigned written agreement need not
comply with the requirements of rule 11 to be enforceable. We hold that this
agreement is unenforceable. Sylva’s breach-of-contract claim fails as a matter of law. 
          Sylva also contends that Medallion’s breach of contract was the “tortious or
otherwise wrongful act” that gives rise to his tortious-interference claim. Given our
disposition of the breach-of-contract issue, this argument fails as a matter of law.
          Sylva further asserts that his affidavit established his claim for intentional
infliction of emotional distress. In that affidavit, Sylva stated that, as a result of the
“many years of frivolous litigation” filed against him by Finkelstein and Medallion,
the failure of the sale of SEC to close, his loss of time, the expenses incurred, and the
stress resulting from the breach of the rule 11 agreement, he became depressed to an
extent that it was affecting his ability to work, he suffered loss of sleep, weight loss,
and had suicidal thoughts. However, in his petition, Sylva’s claim for intention
infliction of emotional distress was based on his allegations that Finklestein and
Medallion breached the rule 11 agreement. Because we have held that the agreement
was not enforceable, Sylva’s argument fails as a matter of law.
          Accordingly, we overrule Sylva’s second issue.
CONCLUSION
          In light of our ruling on Sylva’s second and third issues, we need not reach his
first issue, challenging the summary judgment on the basis of rule 166a(i).
          We affirm the judgment of the trial court. 
 

                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Higley.