Opinion issued January 31, 2008


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00632-CV






REBECCA PENA, Appellant


V.


JE MATADI DRESS COMPANY, INC. AND SEAN MEHTA, Appellees






On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2004-57614






MEMORANDUM OPINION


 Appellant, Rebecca Pena, appeals the judgment of the trial court that granted
summary judgment in favor of appellees, Je Matadi Dress Company, Inc. ("Matadi")
and Sean Mehta. In four issues on appeal, Pena argues that the trial court erred in
granting summary judgment on (1) her fraud claim; (2) her duress claim; (3) Matadi's
affirmative defense of release of claims; and (4) Matadi's motion for summary
judgment because it did not address Pena's breach of contract claims against Mehta
and thus the final judgment did not dispose of those claims. 

 We affirm.

Background


 In May 2003, Pena and Matadi entered into an agreement (the "Patent
Assignment") regarding the marketing of a patented hair dryer stand known as the
"Hair Made." At the time of the agreement, Pena was employed by Matadi. The
Patent Assignment required Pena to assign her patent for the Hair Made to Matadi in
exchange for $20,000 and royalties from future sales of the Hair Made.

 In her original petition, Pena alleged that Matadi and Mehta (1) obtained the
Patent Assignment through duress and fraud and that the contract was
unconscionable. Pena alleged causes of action for common law fraud, breach of
contract, contract of adhesion, agency, and respondeat superior. Pena sued to recover
actual damages, damages for mental anguish, exemplary damages, attorney's fees,
and a declaratory judgment that the agreement between the parties is null and void.
Appellees filed a counterclaim alleging a frivolous lawsuit, malicious prosecution,
breach of contract, and money had and received. Appellees then moved for a
traditional summary judgment and a no-evidence summary judgment. 

 The trial court granted summary judgment in favor of appellees. Appellees
then filed a notice of non-suit for their counterclaims, which the trial court signed,
thus making the judgment final. Pena appeals from the trial court's order that granted
summary judgment in favor of appellees.

Analysis


Standard of Review

 The propriety of summary judgment is a question of law, and we thus review
the trial court's ruling de novo. Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003). In reviewing a summary judgment, evidence favorable
to the non-movant is taken as true, and all reasonable inferences are indulged in the
non-movant's favor. Johnson County Sheriff's Posse v. Endsley, 926 S.W.2d 284,
285 (Tex. 1996). When a summary-judgment order does not state the grounds upon
which it was granted, as here, the summary judgment may be affirmed on any of the
movant's theories that has merit. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623,
627 (Tex. 1996). Appellate courts should consider all grounds for summary judgment
that the movant presented to the trial court when they are properly preserved for
appeal. Id. at 625. Thus, the party appealing from such a judgment must show that
each of the independent arguments alleged in the motion is insufficient to support the
order. Tilotta v. Goodall, 752 S.W.2d 160, 161 (Tex. App.--Houston [1st Dist.]
1988, writ denied); McCrea v. Cubilla Condo. Corp., 685 S.W.2d 755, 757 (Tex.
App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.).

 The movant for traditional summary judgment has the burden of showing that
there is no genuine issue of material fact and that he is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Park Place Hosp. v. Estate of Milo, 909
S.W.2d 508, 510 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548
(Tex. 1985). A defendant moving for traditional summary judgment must either
disprove at least one element of each of the plaintiff's causes of action or
conclusively establish each essential element of its affirmative defense, thereby
rebutting the plaintiff's causes of action. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995).

 A no-evidence motion for summary judgment is essentially a directed verdict
granted before trial, to which we apply a legal-sufficiency standard of review. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003). In general, a party
seeking a no-evidence summary judgment must assert that no evidence exists as to
one or more of the essential elements of the non-movant's claims on which the
non-movant would have the burden of proof at trial. Flameout Design & Fabrication,
Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.--Houston [1st
Dist.] 1999, no pet.). Once the movant specifies the elements on which there is no
evidence, the burden shifts to the non-movant to raise a fact issue on the challenged
elements. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment will be
sustained on appeal when (1) there is a complete absence of evidence of a vital fact,
(2) the court is barred by rules of law or of evidence from giving weight to the only
evidence offered by the non-movant to prove a vital fact, (3) the evidence offered by
the non-movant to prove a vital fact is no more than a scintilla, or (4) the
non-movant's evidence conclusively establishes the opposite of a vital fact. King
Ranch, 118 S.W.3d at 751.

Fraud

 In her first issue, Pena argues that the trial court erred in granting summary
judgment on her claim for fraud. Specifically, she asserts that statements within the
Patent Assignment were false. 

 The elements of fraud are: (1) the speaker made a material representation that
was false when made; (2) when the representation was made, the speaker knew it was
false or made it recklessly as a positive assertion without any knowledge of its truth;
(3) the speaker made the representation with the intent that the other party should act
upon it; (4) the party actually and justifiably relied on the representation; and (5) the
party thereby suffered injury. Ernst Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51
S.W.3d 573, 577 (Tex. 2001). "For a promise of future performance to be the basis
of actionable fraud, it must have been false at the time it was made." Schindler v.
Austwell Farmers Coop., 841 S.W.2d 853, 854 (Tex. 1992).

 In its no-evidence motion for summary judgment, appellees argued that there
was no evidence that they had made a false representation to Pena. Appellees pled
that 

 There is no evidence that the Defendants have ever lied to the
Plaintiff about accounting figures related to the sales or profitability of
the Hair Made. There is no evidence that any of the accounting figures
that the Defendants have ever provided to the Plaintiff regarding the
sales and/or profitability of the Hair Made are inaccurate. The
Plaintiff's unsupported allegations contained within her deposition do
not constitute evidence in which to support the Plaintiff's false fraud
claims against the Defendants.


In her response to appellees' motion for summary judgment, Pena stated

 The Plaintiff was clear in her deposition that all of the elements
of fraud are present. In her deposition testimony, she identifies a
material misstatement of fact, asserts that it was consistent and
intentional, discusses her reliance on the fraudulent statements, and
confirms her very obvious harm as a result of the fraud.


 Ms. Pena's accusations are not the only evidence of fraud. There
is also the impressive quality of advertising for the Hair Made Product. 
Such advertising, we can presume, would not be conducted (and paid
for) without concomitant sales and profits. Additionally, there is also
the obvious effort to hide, from the plaintiff, any and all sales and cost
data. The details would be before the Court now, if the Defendants
would go beyond their four pieces of paper and comply with their
discovery obligations. (2)


On appeal, Pena now asserts that statements within section 3.1.2 (3) of the Patent
Assignment were fraudulent. Pena argues that 

Paragraph 3.1.2 of the Assignment of Patent reflects a representation
that the Appellant might expect to receive up to $1,980,000.00 in royalty
payments from the Appellees within five years after executing the
Assignment of Patent. That representation was material because it
induced the Plaintiff to enter into the agreement. Yet, within that very
same paragraph, the Appellees also state that, 'Assignee shall not pay
Assignor any payments based on commercialization of items sold in
conjunction with Patented Products.' Further, when this paragraph is
combined with paragraph 3.2, it is clear that the Appellees not only
intended to deprive the Appellant of consideration, but, the contract
itself could not be terminated by the contemplated failure to pay
consideration, or provide future performance. That constitutes a one-sided agreement which reflects an intent on the face of the contract to
defraud the Appellant in the future.


Pena's arguments are raised for the first time on appeal. Because Pena did not raise
these arguments with the trial court, her arguments have been waived. See Tex. R.
App. P. 33.1; Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial
court by written motion, answer[,] or other response shall not be considered on appeal
as grounds for reversal."); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 677 (Tex. 1979) ("[T]he non-movant may not urge on appeal as reason for
reversal of the summary judgment any and every new ground that he can think of, nor
can he resurrect grounds that he abandoned at the hearing."). 

 We overrule Pena's first issue.

Duress

 In her second issue, Pena argues that the trial court erred in granting summary
judgment on her claim for duress. 

 The elements of economic duress are: (1) a threat to do something that a party
has no legal right to do; (2) illegal exaction or some fraud or deception; and (3)
imminent restraint such as to destroy free agency without present means of protection. 
King v. Bishop, 879 S.W.2d 222, 223 (Tex. App.--Houston [14th Dist.] 1994, no
writ); Simpson v. MBank Dallas, N.A., 724 S.W.2d 102, 109 (Tex. App.--Dallas
1987, writ ref'd n.r.e.).

 In their no-evidence motion for summary judgment, appellees argued that
because they had the legal right to terminate Pena's employment for any reason
without cause, Pena did not have a successful duress claim as a matter of law.

 In response, Pena did not disagree that Matadi had the legal right to terminate
her employment. Rather, Pena stated that "the Defendants freely acknowledge that
the Plaintiff alleges that the Defendants made 'thinly veiled threats concerning her
termination.'" She further asserted, 

[T]he Defendants argue that they are nonetheless entitled to Summary
Judgment because both Defendants 'deny that they ever threatened . . .
the Plaintiff that she would lose her job." Of course they do. But, their
denial is only further support for the existence of a material issue of fact. 
The denial, however, does not a lack of evidence make." 


 On appeal, Pena argues that while the parties were negotiating the Patent
Assignment, Pena was a high school graduate, an employee of Matadi, and she never
took any business courses in college. She asserts, 

The evidence produced by the Appellees during summary judgment
clearly reflects that the Appellant was in imminent fear of her
employment being terminated if she did not agree to sign the
Assignment of Patent in the one-sided form reflected by the document
itself. That evidence (the Appellant's deposition) constitutes more than
a scintilla of evidence of economic duress . . . . By threatening the
Appellant (who was merely a high school graduate, with no experience
in matters of business) with termination of her employment (which in
turn threatens the ability of the Appellant to provide the necessities of
life for her family), the Appellees gained an unfair bargaining position
over a mere high school graduate, which they intentionally used to the
detriment of the Appellant. 


 Pena's appellate arguments are raised for the first time on appeal. Because
Pena did not raise her appellate arguments with the trial court, her arguments on
appeal have been waived. See Tex. R. App. P. 33.1; Tex. R. Civ. P. 166a(c) ("Issues
not expressly presented to the trial court by written motion, answer[,] or other
response shall not be considered on appeal as grounds for reversal."); Clear Creek
Basin Auth., 589 S.W.2d at 677 ("[T]he non-movant may not urge on appeal as reason
for reversal of the summary judgment any and every [n]ew ground that he can think
of, nor can he resurrect grounds that he abandoned at the hearing."). 

 Moreover, Pena's brief addresses only the no-evidence portion of the
appellees' motion for summary judgment. Pena's brief does not appear to address the
traditional summary judgment portion of the appellees' summary judgment motion. 
Pena has set forth no issue, argument, or discussion challenging the traditional
portion of the summary judgment motion; thus, she has not met her appellate burden
to establish that the trial court's judgment was erroneous. Because summary
judgment may have been granted on the unchallenged traditional portion of appellees'
motion, we must affirm the trial court's judgment on this ground. See Holloway v.
Starnes, 840 S.W.2d 14, 23 (Tex. App.--Dallas 1992, writ denied); King v. Tex.
Employers' Ins. Ass'n, 716 S.W.2d 181, 182-83 (Tex. App.--Fort Worth 1986, no
writ); Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).

 We overrule Pena's second issue.

Affirmative Defenses

 In her third issue, Pena argues that the trial court erred in granting summary
judgment on Matadi's affirmative defenses of release of claims, "inasmuch as the
parties can not contract [to] actually release claims for future and/or illegal conduct." 
 On their affirmative defense of release, appellees asserted, 

[A]s a matter of law, [Pena] is barred from successfully asserting that the
Defendants engaged in fraud or that the Patent Assignment was obtained
by duress or is unconscionable as a result of any alleged pre-execution
conduct on the part [of] the Defendants. Even if the Court were to take
all of the Plaintiff's allegations as true, the summary judgment record
conclusively establishes that the Plaintiff has released the Defendants
from all such claims and causes of action and the Defendants are
therefore entitled to summary judgment as a matter of law in accordance
with Tex. R. Civ. P. 166a(c). 


Pena did not address appellees' affirmative defense argument in her response to
appellees' motion for summary judgment. 

 On appeal, Pena argues that the trial court erred in granting summary judgment
on the appellees' affirmative defenses. Because she raises these arguments for the
first time on appeal, Pena's arguments have been waived. See Tex. R. App. P. 33.1;
Tex. R. Civ. P. 166a(c). 

 We overrule Pena's third issue. 

Additional Claims

 In her fourth issue, Pena argues that the trial court erred in granting summary
judgment on her breach of contract claim against Sean Mehta because that issue was
not addressed in appellees' motion for summary judgment. Thus, Pena argues that
the "claim was neither addressed, nor disposed of by the trial court, and granting final
summary judgment on a claim not disposed of is clear error on the part of the trial
court."

 The purpose of requiring that a motion for summary judgment state its specific
grounds is to give fair notice to the opponent and define the issues, and, for that
reason, a defendant-movant is not entitled to summary judgment on a ground not
asserted in his motion, even though the summary judgment proof conclusively
establishes his right to judgment on that ground. See Tex. R. Civ. P. 166a(c);
Chessher v. Southwestern Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983). A
defendant-movant is not entitled to summary judgment on the entirety of a nonmovant
plaintiff's case unless the motion addresses each cause of action asserted by the
nonmovant. Id. 

 We disagree with Pena's contention that Mehta failed to raise his breach of
contract claim in appellees' motion for summary judgment. Appellees' summary
judgment motion informed the trial court and Pena that the Patent Assignment was
between Pena and Matadi. Specifically, the motion stated in a footnote, "The Court
should note that the Patent Assignment is a contract between the Plaintiff and
Defendant Je Matadi only. Defendant Sean Mehta is not a party to the agreement."
Appellees referenced the Patent Assignment that was attached to their summary
judgment motion. In addition, in the conclusion of their motion for summary
judgment, appellees stated, "[T]here is no evidence to support Plaintiff's fraud and
breach of contract claims against the Defendants . . . ." In their reply to Pena's
response to the summary judgment motion, appellees asserted, "[T]he Plaintiff has
failed to establish that she ever had a contract with Defendant Sean Mehta,
individually." 

 Pena presented no evidence in response to Mehta's statement that he was not
a party to the Patent Assignment, and the record explicitly demonstrates that the
Patent Assignment was between Pena and Matadi and signed by Mehta only in his
capacity as president and CEO. See City of Pasadena v. Gennedy, 125 S.W.3d 687,
702 n.12 (Tex. App.--Houston [1st Dist.] 2003, pet. denied) (concluding that party
signed in corporate capacity). We conclude that the summary judgment motion
adequately informed Pena that appellees were seeking summary judgment on Pena's
breach of contract claim against Mehta. 

 We overrule Pena's fourth issue.

Conclusion


 We affirm the judgment of the trial court.




 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.

1. Sean Mehta is the president of Matadi Dress company. 
2. A portion of Pena's response to the summary judgment addressed appellees'
discovery violations. The trial court granted Pena additional time to conduct more
discovery and appellees apparently gave Pena more discovery. Pena did not,
however, amend her response to appellees' motion for summary judgment in light of
the additional discovery.
3. Paragraph 3.1.2 provides, 

 

 For a period of 5 years from the Effective Date, but only during the life
of the '805 patent, and only if Net Profits occur, 3% of Net Profits
(defined as revenues of sales, within the US and for end use within the
US, by Assignee of Patented Products, less Deductible expenses listed
in Attachment A, which is incorporated herein by reference) ("Future
Payments"), but only until the total payments made to Assignor
according to this provision equal $1,980,000.00.