NO. 07-08-00411-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 29, 2010

_____


DARREL ZOUZALIK AND KEN DRAKE, APPELLANTS

v.

WELLS FARGO BANK, N.A. AND WELLS FARGO
EQUIPMENT FINANCE, INC., APPELLEES

_____


FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-540,218; HONORABLE SAM ABEL MEDINA, JUDGE

_____


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


**MEMORANDUM OPINION**


Darrel Zouzalik and Ken Drake appeal a summary judgment granted appellees Wells Fargo Bank, N.A. and Wells Fargo Equipment Finance, Inc., (collectively Wells Fargo), on a promissory note. Zouzalik and Drake argue the note was made under duress. Finding the summary judgment evidence does not raise an issue of fact on each element of this affirmative defense, we will affirm.

## Background

Zouzalik and Drake are officers of World Wide Fibers, Inc. World Wide leased warehouse space for its cotton from Triangle Textiles, Ltd. for a monthly base rent of $62,000. WestCal Corporation contracted to buy the warehouse property from Triangle. In an amended and restated lease agreement executed in May 2007, World Wide agreed that in the event the Triangle-WestCal sale closed, its lease would terminate on July 15, 2007. According to Zouzalik and Drake, Kevin Yang, as agent for WestCal, threatened to lock World Wide from the building containing its cotton unless World Wide paid rent of $31,000 for the July 1-15 period. On June 25, Zouzalik and Drake, as officers of World Wide and its guarantors, made a promissory note to WestCal for $31,000 as payment of the July rent. The note required full payment by July 15. Payment was not made.

In December, WestCal assigned the note to Wells Fargo which sued World Wide, Zouzalik, and Drake on the note and guarantees. Wells Fargo obtained summary judgment against World Wide and the action was severed from the claims against Zouzalik and Drake. Wells Fargo then moved for summary judgment against Zouzalik and Drake as guarantors of the World Wide indebtedness. By amended answer and summary judgment response, Zouzalik and Drake asserted they executed the note under duress exerted by Yang as agent for WestCal. The trial court granted summary judgment in favor of Wells Fargo for the full amount of the note and attorney's fees. This appeal followed.

Discussion

Through one issue, Zouzalik and Drake contend the grant of summary judgment was error. This is because, they argue, their evidence raised an issue of fact on the affirmative defense of duress.

We review a summary judgment *de novo*. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). When conducting a *de novo* review of a traditional summary judgment we apply the following rules:

> (1) The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant.

*Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997) (*citing Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985)). A non-movant resisting a motion for summary judgment on an affirmative defense must present sufficient evidence to raise a genuine issue of material fact on each element of the defense. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex. 1984).

Duress is a defense to enforcement of a contract. *King v. Bishop,* 879 S.W.2d 222, 224 (Tex.App.–Houston [14th Dist.] 1994, no writ). Duress sufficient to invalidate a contract requires proof of: (1) a threat to do something a party has no legal right to do, (2) an illegal exaction or some fraud or deception, and (3) an imminent restraint that destroys the free agency of the victim who lacks a present means of protection. *Wright*

3

*v. Sydow,* 173 S.W.3d 534, 544 (Tex.App.–Houston [14th Dist.] 2004, pet. denied) (*citing Dale v. Simon,* 267 S.W. 467, 470 (Tex. 1924)); *Simpson v. MBank Dallas, N.A.,* 724 S.W.2d 102, 109 (Tex.App.–Dallas 1987, writ ref'd n.r.e.).

Zouzalik and Drake present their evidence of duress through their summary judgment affidavits. They aver that Yang as agent for WestCal threatened to lock the building if Zouzalik and Drake did not pay rent of $31,000 for July 1 through 15. On June 25, they signed a note for $31,000 to pay the rent because, "[t]o the best of [their] knowledge" they knew of no other means to prevent the lock-out. Access to the cotton was required, they add, as revenue from its delivery was necessary for World Wide's continued business operation.

According to the lease agreement, a "default" would occur if World Wide failed to pay a rental installment on the due date and the obligation remained unpaid for five days thereafter. If a default occurred, the lease agreement gave the landlord an option. It could terminate the lease by written notice to World Wide. In that event, the lease automatically terminated on the date specified by the notice. Or it could terminate World Wide's right of possession of the leasehold without terminating the lease, reenter, take possession of the property, operate it, and collect "the rents, issues, and profits therefrom all for the account of [World Wide]."

Zouzalik and Drake do not contend WestCal lacked authority to enforce the lease agreement's covenant to pay rent by exercising one of the options granted by the agreement. Further, whether relying on automatic termination of the lease or a right of reentry, there is no evidence that WestCal could not on default have lawfully locked the

4

property, including the building containing the cotton of World Wide. The summary judgment evidence thus does not present an issue of fact that Yang threatened an act for which no legal right existed.

Review of applicable statutory provisions does not suggest a different conclusion. The Property Code allows a commercial landlord to change the door locks of a tenant "who is delinquent in paying at least part of the rent." Tex. Prop. Code Ann. § 93.002(c) (Vernon 2007). Therefore, if World Wide became delinquent for some or all of the July rent, WestCal had the legal right to exclude World Wide from the premises by changing the door locks in conformity with the statute.[1] And it is the threat to lock World Wide out for non-payment of rent that Zouzalik and Drake urge as the basis for their duress defense. Since exclusion of a tenant from a leasehold by changing door locks, according to the requirements of statute, is the legal right of a commercial landlord, Yang's threat of a lock-out was not on its face unlawful.

Because WestCal possessed a legal right by the lease agreement or statute to lock World Wide out, and the summary judgment record creates no fact issue of the converse, summary judgment for Wells Fargo was proper.

---

[1] The Property Code further provides:

> If a landlord or a landlord's agent changes the door lock of a tenant who is delinquent in paying rent, the landlord or agent must place a written notice on the tenant's front door stating the name and the address or telephone number of the individual or company from which the new key may be obtained. The new key is required to be provided only during the tenant's regular business hours and only if the tenant pays the delinquent rent.

Tex. Prop. Code Ann. § 93.002(f) (Vernon 2007).

5

## Conclusion

Finding the summary judgment evidence does not create an issue of fact on each element of duress, we overrule appellants' issue and affirm the judgment of the trial court.


James T. Campbell
Justice