# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2025

Lyle W. Cayce
Clerk

No. 25-10778

Leon Harris,

*Plaintiff—Appellant*,

*versus*

Meridian Security Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-387

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

This appeal originates from an insurance coverage dispute regarding property damage from the Texas winter storm in 2021. Appellant Leon Harris sued Appellee Meridian Security Insurance Company ("Meridian") for a slew of state law claims. Before trial, the parties engaged in mediation, culminating in a signed Mediated Settlement Agreement. The mediator then sent a Confidential Settlement Agreement and Release which Harris refused

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to sign. Harris's refusal seemed to be based on his accusations of misbehavior by his counsel. After the district court conducted a hearing, Meridian filed a motion to enforce settlement. The district court granted this motion, and Harris appealed.

On appeal, Harris, now appearing pro se, raises three arguments: 1) the settlement agreement is unenforceable because it was procured through fraud, duress, elder abuse, coercion, and material misrepresentation by his own (former) attorneys; 2) the settlement agreement is voidable due to his attorneys' breach of fiduciary duty; and 3) the district court's enforcement violated Harris's due process rights.

This court reviews a district court's order enforcing settlement for an abuse of discretion. *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 456 (5th Cir. 2022). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (quoting *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003)).

Harris's first and second issues are predicated on his former counsel's alleged coercive conduct. On this basis, Harris argues that the settlement agreement is invalid. However, in order to invalidate a contract, "the coercion must come from the opposing party to the agreement, not the claimant's attorney." *Kosowska v. Khan*, 929 S.W.2d 505, 508 (Tex. App.—San Antonio 1996, writ denied). *See also King v. Bishop*, 879 S.W.2d 222, 224 (Tex. App.—Houston [14th Dist.] 1994, no writ) (upholding settlement agreement as valid and enforceable despite "appellants' complaint . . . that they were not adequately represented by counsel"); *Ford v. Bank of N.Y. Mellon*, No. 24-50053, 2025 WL 1008537, at *1 (5th Cir. Apr. 4, 2025) ("[Appellant] may have felt manipulated or neglected by her attorney, but

under Texas law that provides no basis to invalidate her contract."). Harris makes no accusations of improper conduct on Merdian's behalf. Also, many of these claims, such as breach of fiduciary duty, were not brought before the district court. Issues not raised before the district court cannot be raised for the first time on appeal. *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021).

Harris's third issue is also unavailing for the same reason. He challenges the lack of notice provided prior to the hearing. But Harris failed to mention this grievance at the hearing itself, which he, his daughter, and his attorneys attended, or in any briefing after the hearing.

Because Harris does not demonstrate any error by the district court, we AFFIRM.