Charles J. **SCHINDLER, II**, Petitioner,

v.

**AUSTWELL FARMERS COOPERATIVE**, Respondent.

No. D–2616.

Supreme Court of Texas.

Oct. 14, 1992.

Rehearing Overruled Dec. 31, 1992.

Edmond J. Ford, Jr., Corpus Christi, for petitioner.

---

James H. Robichaux, Corpus Christi, for respondent.

PER CURIAM.

Charles Schindler II, a cotton and grain farmer, had an agreement with Austwell Farmers Cooperative which allowed him to purchase agricultural products on account. Austwell charged purchases by Schindler, his father and his cousin to this account. When Schindler refused to pay the balance due on the account, Austwell sued him for breach of contract and fraud. The jury found that Schindler owed $65,722.11 on the account; that he obtained products from Austwell fraudulently, causing damages of $65,722.11; and that Austwell should be awarded punitive damages of $10,000 and attorney fees. The trial court rendered judgment on the verdict for Austwell for $65,722.11 actual damages, $10,000 punitive damages, attorney fees and interest. The court of appeals affirmed. 829 S.W.2d 283. Schindler argues that Austwell cannot recover both attorney fees for breach of contract and punitive damages for fraud, based upon the same event and the same injury. Schindler also complains that there is no evidence to support a recovery for fraud in this case. Because we agree with this latter contention, we do not reach the former.

Austwell's fraud claim is based upon its manager's testimony that he confronted Schindler at least twice about paying his account balance, and that both times Schindler acknowledged he owed the debt and promised prompt payment. Austwell claims that this promise was fraudulent. For a promise of future performance to be the basis of actionable fraud, it must have been false at the time it was made. "Failure to perform, standing alone, is no evidence of the promisor's intent not to perform when the promise was made. However, that fact is a circumstance to be considered with other facts to establish intent." *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex.1986); *accord, Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 597 (Tex. 1992). There is evidence in this record that Schindler promised to pay the amounts charged to the account and then later refused, but there is no evidence that Schindler had no intention of paying for what he bought at the time he promised he would pay. Thus, there is no evidence to support recovery for fraud, and no basis for an award of punitive damages.

Without hearing oral argument, a majority of the court grants Schindler's application for writ of error, modifies the judgment of the court of appeals to eliminate the award of punitive damages, and as modified, affirms that judgment. TEX. R.APP.P. 170.