11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

James T.
Herod

Appellant

Vs.      
            No. 11-01-00267-CV B 
Appeal from Dallas County

Baptist Foundation of
Texas

Appellee

 

This
appeal arises from a wrongful termination claim filed by James T. Herod against
his former employer, the Baptist Foundation of Texas (the Foundation).  Herod resigned from  his position as general counsel for the
Annuity Board of the Southern Baptist Convention to become the Foundation=s chief administrative officer in January
1998.  The Foundation hired Herod to
establish a retirement program for Baptist institutions.  The Foundation terminated Herod in October
1999 prior to implementing the retirement program.  The trial court granted summary judgment in favor of the
Foundation on all of Herod=s claims.  Appellant raises six
issues on appeal attacking the trial court=s entry of summary judgment.  We
affirm.

Herod=s wrongful termination action is premised on
a statement purportedly made by the Foundation=s president, Lynn Craft, during a preliminary discussion of Herod=s employment.  Herod asked Craft what would happen if the Foundation decided not
to pursue a retirement program.  Herod
testified that Craft replied to his question by stating that, Aif we don=t do the retirement program, you=ll just continue on as the chief administrative officer and have those
responsibilities.@  Relying on this statement, Herod contends
that the Foundation could only terminate him for cause.  He alleges that the Foundation terminated
him without cause and that this action constituted a breach of his employment
contract.[1]  He additionally alleges causes of action for
fraud and promissory estoppel based on Craft=s statement.  Herod also asserts
a breach of contract claim alleging that the Foundation failed to comply with
the terms of its employee policy manual in terminating him.  








The trial
court=s summary judgment order does not specify the
grounds it relied upon for granting summary judgment.  When a trial court=s order granting summary judgment does not specify the ground or
grounds relied upon for its ruling, summary judgment will be affirmed on appeal
if any of the summary judgment grounds advanced by the movant are
meritorious.  Dow Chemical Company v.
Francis, 46 S.W.3d 237, 242 (Tex.2001); 
Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.1989).  The Foundation=s motion for summary judgment intermixed grounds for traditional
summary judgment under TEX.R.CIV.P. 166a(c) with "no-evidence"
summary judgment grounds under TEX.R.CIV.P. 166a(i).[2]  A trial court must grant a motion for a
traditional summary judgment if the moving party establishes that no genuine
issue of material fact exists and that the moving party is entitled to
judgment as a matter of law.   Rule
166a(c);  Lear Siegler, Inc. v.
Perez, 819 S.W.2d 470, 471 (Tex.1991).  
A trial court properly grants summary judgment in favor of a defendant
if the defendant conclusively establishes all elements of an affirmative
defense or conclusively negates at least one element of the plaintiff's
claim.  American Tobacco Company, Inc.
v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997). When reviewing a traditional
summary judgment, we take as true evidence favorable to the non-movant and indulge
every reasonable inference and resolve any doubts in favor of the
non-movant.  American Tobacco Company,
Inc. v. Grinnell, supra;  Nixon v. Mr.
Property Management Company, Inc., 690 S.W.2d 546, 548-49 (Tex.1985).








We review
evidence presented by the non-movant in reply to a motion for a no-evidence
summary judgment just as we review evidence offered in support of, and in
response to a motion for, a traditional summary judgment:  we accept as true evidence favorable to the
non-movant and indulge every reasonable inference and resolve all doubts in
favor of the non-movant. Hight v. Dublin Veterinary Clinic, 22 S.W.3d 614
(Tex.App. - Eastland 2000, pet’n den’d); see American Tobacco Company, Inc. v.
Grinnell, supra at 425.   We review,
however, only evidence presented by the non-movant.   Rule 166a(i);  Hight v.
Dublin Veterinary Clinic, supra.   If
the non-movant presents evidence that is more than a mere scintilla, a
no-evidence summary judgment is improper. 
Hight v. Dublin Veterinary Clinic, supra; Denton v. Big Spring Hospital
Corporation, 998 S.W.2d 294, 298 (Tex.App. - Eastland 1999, no pet'n);  cf. 
Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711
(Tex.1997), cert. den’d, 523 U.S. 1119 (1998).

Herod=s fourth appellate issue attacks the trial
court=s implied determination that he was an
at-will employee.  A discharged employee
who asserts that the parties have contractually agreed to limit the employer=s right to terminate the employee at will has
the burden of proving an express agreement or written representation to that
effect.  See Reyna v. First National
Bank in Edinburg, 55 S.W.3d 58, 71 (Tex.App. B Corpus Christi 2001, no pet=n).  

The Texas
Supreme Court=s opinion in Montgomery County Hospital
District v. Brown, 965 S.W.2d  501
(Tex.1998), is the controlling authority regarding the nature of Herod=s employment with the Foundation.  The plaintiff in Brown alleged,
regarding the nature of her employment: 

At the time I was hired as well as during my
employment, I was told by [the Hospital administrator] that I would be able to
keep my job at the hospital as long as I was doing my job and that I would not
be fired unless there was a good reason or good cause to fire me.

 

Montgomery County
Hospital District v. Brown, supra at 502. 
The court began its analysis by noting that the general rule in Texas is
that, absent a specific agreement to the contrary, employment may be terminated
by the employer or the employee at will for good cause, bad cause, or no cause.
Montgomery County Hospital District v. Brown, supra at 502.  The court held that an employer=s oral statements do not modify an employee=s at-will status absent a definite, stated
intention to the contrary.  Montgomery
County Hospital District v. Brown, supra at 501.  The court stated as follows in reaching this holding:








General statements like those made to Brown
simply do not justify the conclusion that the speaker intends by them to make a
binding contract of employment.  For such
a contract to exist, the employer must unequivocally indicate a definite intent
to be bound not to terminate the employee except under clearly specified
circumstances.  General comments that an
employee will not be discharged as long as his work is satisfactory do not in
themselves manifest such an intent. 
Neither do statements that an employee will be discharged only for Agood reason@ or Agood cause@ when there is no agreement on what those terms encompass.  Without such agreement the employee cannot
reasonably expect to limit the employer=s right to terminate him.  An
employee who has no formal agreement with his employer cannot construct one out
of indefinite comments, encouragements, or assurances.

 

Montgomery
County Hospital District v. Brown, supra at 502.

Craft=s purported statement to Herod that Ayou=ll just continue on as the chief administrative officer and have those
responsibilities@ is more indefinite than the employer=s statement in Brown.

The summary judgment
evidence establishes that there was no discussion between Herod and the
Foundation regarding the circumstances for which he might or might not be
terminated.  The trial court=s determination that Herod was an at-will
employee is, therefore, correct under Brown.   As such, the Foundation could terminate Herod with or without
cause.  

Herod=s fourth issue also addresses his allegation
that the Foundation failed to comply with the terms of its APerformance Improvement Policy@ contained in the Foundation=s  AEmployee Policy Manual.@  The
policy provides for a three-step process in disciplining Foundation
employees.  The summary judgment
evidence establishes that Herod was terminated without the three steps of the
policy being followed.  

We
conclude that the Foundation was not required to follow the policy=s steps prior to terminating Herod.  Statements of employment policy that are not
accompanied by an express agreement dealing with procedures for the discharge
of employees do not create contractual rights regarding those procedures.  See  Loftis v. Town of Highland Park, 893 S.W.2d 154, 155 (Tex.App. -
Eastland 1995, no writ).   Moreover, the
policy expressly provides that Aan employee who does not display satisfactory performance and
accomplishment on the job may be dismissed, in certain cases, without resorting
to the steps set forth in this policy.@  Furthermore, the foreword of
the manual stated as follows: 

This manual serves only as a reference to
[the Foundation=s] policies and procedures.  It is not intended, nor is it, a contract of
employment.  Employment is terminable at
will, either by the employee or [the Foundation], regardless of the length of
employment or the granting of benefits of any kind.  

 








Herod executed a document
entitled A[r]eceipt and [a]cknowledgment@ which also contained this  disclaimer. 
A disclaimer such as this in an employee handbook negates any
implication that a personnel procedures manual places a restriction on the
employment at-will relationship. 
Federal Express Corporation v. Dutschmann, 846 S.W.2d 282, 283
(Tex.1993).  Herod=s fourth issue is overruled.

Herod=s fifth issue addresses the Foundation=s summary judgment ground which asserted that
Herod=s alleged oral contract altering his at-will
status is unenforceable under the statute of frauds.  See TEX. BUS. & COM. CODE ANN. ' 26.01(b)(6) (Vernon 2002).  Our
consideration of this ground is not required given our ruling that Herod was an
at-will employee.  See Dow Chemical
Company v. Francis, supra at 242; Carr v. Brasher, supra at  569. 
However, we address the statute of frauds contention as an additional
basis supporting the trial court=s granting of summary judgment on Herod=s breach of contract claim.  As
noted by the supreme court in Brown, an oral promise modifying
employment at will is unenforceable under the statute of frauds if it cannot be
performed within one year.  Montgomery
County Hospital District v. Brown, supra at 503; see Miller v. Riata Cadillac
Company, 517 S.W.2d 773, 775 (Tex.1974). 
Herod alleged that his oral contract of employment with the Foundation
was for a period of time necessary to draft and implement the contemplated
retirement program.  He further
testified that the work could not be completed within a year=s time but, rather, would take several years
to implement the retirement program. 
The term of the employment contract which Herod seeks to enforce was not
capable of performance within one year; and it is, therefore, unenforceable
under the statute of frauds.  Schroeder
v. Texas Iron Works, Inc., 813 S.W.2d 483, 489 (Tex.1991).   

Herod=s sixth issue addresses the summary judgment
grounds which attacked his  claims of
fraudulent misrepresentation and promissory estoppel based upon Craft=s statement. 
The elements of fraud are: (1) that a false, material representation was
made; (2) that was either known to be false when made or was made without
knowledge of its truth; (3) that was intended to be acted upon; (4) that was
relied upon; and (5) that caused injury. 
See Formosa Plastics Corporation USA v. Presidio Engineers and
Contractors, Inc., 960 S.W.2d 41, 47 (Tex.1998); Gilmartin v. KVTV, 985 S.W.2d
553, 558 (Tex.App. B San
Antonio 1998, no pet=n).  The elements of promissory estoppel are: (1)
a promise, (2) foreseeability of reliance on the promise by the promisor, and
(3) substantial detrimental reliance by the promisee.  See English v. Fischer, 660 S.W.2d 521, 524 (Tex.1983); Gilmartin
v. KVTV, supra at 558.   








Herod=s claims of fraud and promissory estoppel are
premised on the assertion that the Foundation breached its promise of future
performance.  The promise of future
performance  upon which Herod relies is
Craft=s response to Herod=s question concerning what would happen to
the position if the Foundation decided not to pursue a retirement program.  Craft=s statement addressed a future contingency:  the Foundation=s abandonment of its plan to implement a retirement program.  The summary judgment evidence establishes
that this contingency has not occurred because the Foundation has not abandoned
its plan to establish a retirement program. 


A promise
of future performance constitutes an actionable misrepresentation if the
promise was made with no intention of performing at the time it was made.  See Formosa Plastics Corporation USA v.
Presidio Engineers and Contractors, Inc., supra at 48; Schindler v. Austwell
Farmers Cooperative, 841 S.W.2d 853, 854 (Tex.1992).  The claimant must present evidence that the challenged
representations were made with the intent to deceive and with no intention of
performing as represented.  Formosa
Plastics Corporation USA v. Presidio Engineers and Contractors, Inc., supra at
48; Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex.1986).  Failure to perform, standing alone, is no
evidence of the promisor=s intent not to perform when the promise was made.  Schindler v. Austwell Farmers Cooperative,
supra at 854.  There is no evidence that
Craft intended to deceive Herod at the time that the statement was made.








Moreover,
the facts in this appeal are similar to those in Gilmartin.  The plaintiff in Gilmartin argued
that he relied on his employer=s representations that he would continue to have his job as station
manager as long as his work was satisfactory. 
Gilmartin v. KVTV, supra at 557-58. 
He claimed that the representations were false because he was fired in
spite of adequate performance. Gilmartin v. KVTV, supra at 557-58.   The San Antonio Court of Appeals rejected
the former employee=s
claims of fraud and promissory estoppel based on the employer=s alleged representations.  The court noted that detrimental reliance is
a central element of both fraud and promissory estoppel and that reliance on
the promise must be reasonable and justified. 
Gilmartin v. KVTV, supra at 558. 
The court held that the employer=s oral promises of continued employment were too indefinite to permit
fraud and promissory estoppel causes of action.  Gilmartin v. KVTV, supra at 558. Craft=s response to Herod=s question was also too indefinite to serve
as the basis for claims of fraud and promissory estoppel.  Herod=s sixth issue is overruled.

Herod=s second issue alleges that the trial court
erred in granting the Foundation=s first motion for summary judgment on claims which were not addressed
by the Foundation=s
motion.   The Foundation filed two
motions for summary judgment.  The trial
court granted the first motion for summary judgment in part on some causes of
action which Herod had only asserted a few days prior to the hearing in an
amended pleading.  Any error by the
trial court in this regard was corrected by the trial court=s granting of the Foundation=s second motion for summary judgment which
dismissed all of Herod=s
claims.  Herod=s second issue is overruled.

Herod=s 
first and third issues generally attack the trial court=s granting of summary judgment on all grounds
asserted by the Foundation.  These
issues are overruled for the reasons set forth herein.

The judgment
of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

October 3, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]The Foundation asserts that it had cause for
terminating Herod.  





     [2]As we noted in Kelly v. Lin
Television of Texas, L.P., 27 S.W.3d 564, 568 (Tex.App. - Eastland 2000, pet’n
den’d), the better practice is to file separate motions relating to the
conceptually distinct Rule 166a(c) and Rule 166a(i) summary judgments.  Under a motion for a "no-evidence"
summary judgment, we review only the evidence presented by the non-movant.   Rule 166a(i).   Analysis is made more difficult when it appears that the movant
may be relying on his or her summary judgment evidence yet is asserting that
there is no evidence on a particular element of the non-movant's case.