NO. 07-04-0348-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 31, 2005

_____

ADVANCED MESSAGING WIRELESS, INC.,
NOEL BUNYAN, AND DON NICHOLS, APPELLANTS

V.

CAMPUS DESIGN, INC., APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-520,881; HONORABLE MACKEY HANCOCK, JUDGE

_____

Before QUINN, C.J., and REAVIS, J., and BOYD, S.J.[1]

**OPINION**

Advanced Messaging Wireless, Inc., Noel Bunyan, and Don Nichols, (collectively

Advanced Messaging unless otherwise specified), challenge the judgment of the trial court

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

following a post-answer default judgment that Campus Design, Inc. recover damages in the sum of $857,653, plus attorney's fees in the amount of $33,700 with interest thereon at the rate of 18 percent. Presenting 12 points of error, Advanced Messaging raises trial court error in failing to grant its motion for new trial and to set aside the default judgment for violating the scheduling order and Texas Rules of Civil Procedure, legal and factual insufficiency to support fraud, improperly estimated damages, satisfaction of the *Craddock v. Sunshine Bus Lines* test, legal and factual insufficiency to establish fraud as guarantors, legal and factual insufficiency to support 18 percent post-judgment interest, and contends the judgment is void against guarantors in bankruptcy. We reform the judgment, and as reformed, affirm.

By written contract dated September 30, 2002, Campus Design, Inc., as seller, sold its communications business operated under the name of Digicom PCS to Advanced Messaging for the purchase price of $250,000, plus additional sums to be paid by the buyer for the inventory, the ACB account,[2] and future activation payments. Among other things, by the contract, the buyer agreed to assume and perform all leases of retail sale locations in Arkansas, Missouri, New Mexico, Texas, and elsewhere, and agreed to indemnify the seller, its shareholders, officers, and directors from any losses or damages for the breach of any agreement or non-performance of any assumed obligations. By

---

[2]According to the contract the inventory was stated to be $38,959.65 and the ACB account was valued at $35,036.35.

separate written guaranty agreements, Bunyan and Nichols[3] each executed commercial guaranties by which they guaranteed payment of the promissory note executed by Advanced Messaging and all other obligations of the buyer to the seller pursuant to the contract of sale.

After Advanced Messaging defaulted in payment of rentals to various landlords and of the promissory note, Campus Design filed suit to recover on the promissory note and the contract of sale. Campus Design also sought to recover its damages against Bunyan and Nichols pursuant to the written guaranties. By its answer Advanced Messaging asserted fraud as an affirmative defense, but did not plead payment. Further, Bunyan and Nichols did not present any verified pleadings contending they were not liable in the capacity sued, did not execute the guaranties, asserted no consideration for the contract or guaranties, nor presented any other matter covered by Rule 93 of the Texas Rules of Civil Procedure.[4] Campus Design filed a motion for partial summary judgment on the promissory note and a motion to sever the action on the promissory note from the remainder of the suit on July 22, 2003.[5] After granting counsel's motion to withdraw as

---

[3]Two other individuals also executed written guaranties but are not parties to this action and are not named as defendants in the judgment.

[4]A copy of the note, contract of sale, and the commercial guaranties were attached and incorporated into the pleadings.

[5]On August 1, 2003, the trial court signed an order that Advanced Messaging serve written answers to interrogatories previously propounded by the plaintiff and pay attorney's fees of $750.

attorney for Advanced Messaging, on June 6, 2003, the trial court signed a judgment that Campus Design recover $276,877.22, plus attorney's fees and interest in the amount of $9,250, and severed that judgment into a separate cause number on August 25, 2003.[6]

On March 17, 2004, Campus Design filed its first amended original petition. A copy of the note, guaranty, and contract of sale were attached and incorporated into the amended petition which was served on Advanced Messaging by mail; however, no answer was filed to the amended pleading.[7] No answer having been filed and per the scheduling order, at a non-jury hearing on March 29, 2004, after taking evidence and examining the pleadings and evidence, the court rendered judgment for Campus Design. Although counsel for Advanced Messaging filed a motion for new trial on April 16, 2004, a request for findings of fact and conclusions of law was not filed.

Standard of Review
No Findings or Conclusions

Rule 296 of the Texas Rules of Civil Procedure authorizes requests for findings of fact and conclusions of law in a nonjury case. Where, as here, neither party requested findings of fact and conclusions of law and a reporter's record has been provided, we presume the trial court found all fact questions in support of its judgment and must affirm

---

[6]The notice of appeal filed by Advanced Messaging does not reference the judgment on the promissory note.

[7]The certificate of service shows mailings were made on March 17, 2004.

4

the judgment on any legal theory supported by the pleadings and evidence. Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987). When a reporter's record has been provided the implied findings may be challenged for legal and factual insufficiency "the same as jury findings or a trial court's findings of fact." Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). In that regard, when making a legal sufficiency determination, we consider only the evidence most favorable to the implied findings of fact and disregard all contradictory evidence. Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980). In considering whether the evidence is factually sufficient to support the implied findings, we consider and weigh all the evidence, including any evidence contrary to the trial court's judgment. *Id*.

Among other things, the judgment provides in part that the court:

finds that Defendants are in breach of their contractual agreements with Plaintiff and have defrauded Plaintiff. The court finds that Plaintiff has been damaged by such acts in the amount of $857,653.

However, the judgment does not allocate the broad form damages finding of $857,653 to breach of contract or fraud. Moreover, because no findings of fact and conclusions of law were requested and filed, the damages determination is similar to a finding of damages submitted by a broad form question to a jury.[8]

---

[8]*See* Thomas v. Oldham, 895 S.W.2d 352, 359 (Tex. 1995).

We commence our analysis with Advanced Messaging's fourth point of error and address the remaining points in a logical rather than sequential manner.

Fraud

By point four, Advanced Messaging contends there was no evidence or alternatively insufficient evidence to support the finding that it defrauded Campus Design, and by point of error ten, it contends the evidence is legally and factually insufficient to establish that Bunyan and Nichols defrauded Campus Design in their capacities as guarantors. We agree.

The mere breach of contract or failure to perform a contract is not evidence of fraud. Schindler v. Austwell Farmers Co-op, 841 S.W.2d 853, 854 (Tex. 1992). Citing other authorities, the Court held:

> [f]ailure to perform, standing alone, is no evidence of the promissor's intent not to perform when the promise was made. However, that fact is a circumstance to be considered with other facts to establish intent.

The Court further held there was no evidence that Schindler had no intention of paying for the goods purchased. *Id*.

Campus Design's president testified as to numerous defaults by Advanced Messaging. He also testified he believed that the representations of Advanced Messaging were fraudulent. However, no testimony or documentary evidence was presented to

support any implied finding that at the time any representations were made Advanced Messaging had any intent to deceive or of not performing at the time they were made. Accordingly, points of error four and ten are sustained.

Damages

By its multifarious points five, six, and seven and two subpoints, Advanced Messaging challenges the findings and argument. In summary, it contends:

> 5. Insufficient evidence to support finding of "defrauded" or "owes" Campus Design $657,653.

> 6. Insufficient evidence to support finding of "defrauded" or "owes" Campus Design $200,000 on residual payments.

> 7. The testimony in the record about fraud was not connected to the residual payments or the mall lease damages.

Having sustained Advanced Messaging's no evidence challenge to fraud findings, we next focus on the subpoints challenging obligations "owed" connected to the fraud subpoints. Disagreeing, we overrule points five, six, and seven for the following reasons.

Advanced Messaging's failure to challenge the trial court's findings of breach of contract is significant and controlling. Further, the points do not take into consideration the fact that the trial court did not allocate the broad form damages award to any specific category of damages, *i.e.*, damages for breach of contract or for fraud.

Points of error five, six, and seven concern unspecified and implied awards of $657,653, $200,000, and "residual payments on the mall leases," but any such allocation is totally foreign to the judgment. Advanced Messaging does not cite any authority which would suggest it can challenge specific "subpoints" without findings of fact and conclusions of law. To the contrary, these points present a claim similar to the challenge to a broad form jury verdict of $500,000. *See* Thomas v. Oldham, 895 S.W.2d 352, 359 (Tex. 1995). In *Thomas*, the city challenged the sufficiency of the evidence supporting certain elements of the verdict upon broad form submission. Holding that the margin notations on the charge could not constitute separate damage awards for purposes of evidentiary review, the insufficiency challenge was denied. In the context of these points, we have the damage award by the trial court as the trier of fact in a broad form. Advanced Messaging's challenges *via* the subpoints to segregate the damage award is outside the record. No findings of fact having been presented, following the reasoning in *Thomas*, we reject the no evidence and factually insufficient evidence challenge. *Id*. at 360.

By its eighth point of error, Advanced Messaging contends the damages awarded are inaccurate, speculative, and improperly estimated. We disagree. Construing this point as a sufficiency of the evidence challenge, the issue is controlled by our disposition of points five, six, and seven. However, even if the challenge is to the admissibility of evidence, no error is presented. Where, as here, testimony is received based upon assumptions or summaries without objection at trial, the evidence may be considered by the factfinder for all purposes. Tex. R. Evid. 105(a); In re K.S., 76 S.W.3d 36, 40 (Tex.

8

App.--Amarillo 2002, no pet.). Although Advanced Messaging argued the evidence was speculative and based upon assumptions that may never happen and assumed no actual losses could have been raised as objections at trial, because the evidence was received without limitation, it could be considered by the factfinder for all purposes. Tex. R. Evid. 105(a); *In re K.S.*, 76 S.W.3d at 40. Moreover, being tried without a jury, we presume that the trial judge disregards inadmissible testimony unless the record discloses otherwise. Natural Gas Clearing v. Midgard Energy Co, 113 S.W.2d 400, 410 (Tex.App.--Amarillo 2003, pet. denied). Point of error eight is overruled.

By point eleven, Advanced Messaging contends the trial court erred in failing to set aside the judgment because there was no evidence or factually insufficient evidence to support the award of 18% post-judgment interest. However, because statutory construction is a question of law and post-judgment interest is regulated by statute, the award for interest is not subject to a sufficiency of the evidence analysis. *See* Columbia Medical Center v. Bush ex rel. Bush, 122 S.W.3d 835, 865 (Tex.App.--Fort Worth 2003, pet. denied). Point of error eleven is overruled.

By point twelve, Advanced Messaging contends the trial court erred because the judgment is void as it applies against defendants in bankruptcy. We disagree. The names of the defendants "in bankruptcy" are not presented in the point of error or the brief. However, in addition to Bunyan and Nichols, we note that Kelly Magee and Royce Atchison were named as defendants in the original petition but were not named in the amended

9

petition. Moreover, the judgment does not make any award against Magee or Atchison. Point of error twelve is overruled as moot.

By its first point of error, Advanced Messaging contends the trial court erred in failing to grant a new trial because the judgment was based on the amended petition which was filed after the date allowed for amendments per the scheduling order, and by its second point, it contends it did not receive "adequate" notice of the claims of fraud and additional breach of contract finding. We disagree.

Advanced Messaging does not contend it did not know the scheduling order set the case for trial on March 29, 2004, but instead contends the amended pleading was not timely sent to them. However, service by counsel creates a presumption of timely service. *See* Meek v. Bishop Peterson & Sharp, P.C., 919 S.W.2d 805 (Tex.App.--Houston [14th Dist.] 1996, writ denied).[9] Further, Advanced Messaging had notice of the trial date of March 29, 2004, but failed to appear or engage counsel to appear on its behalf.

Advanced Messaging also challenges the amended pleading because it was filed after the date for amended pleadings per the scheduling order. However, Advanced Messaging did not appear at trial, did not move for a continuance, nor move to strike the amended pleading. Moreover the action of the trial court in allowing an amended pleading

---

[9]*See also* In Interest of R.D.C., 912 S.W.2d 854, 855 (Tex.App.--Eastland 1995, no writ) (holding that when a non-answering defendant is served with an amended petition by Rule 21, Tex. R. Civ. P., an allegation of a new cause of action is not required).

10

will not be disturbed on appeal unless the record shows a clear abuse of discretion. *See* In the Matter of the Marriage of Brown, 870 S.W.2d 600, 603 (Tex.App.--Amarillo 1994, writ denied). Points of error one and two are overruled.

By its third point of error, Advanced Messaging contends the trial court erred in not granting its motion for new trial because counsel for Campus Design did not serve a copy of the proposed judgment as required by Rule 305 of the Texas Rules of Civil Procedure. We disagree.

At the conclusion of the evidence counsel indicated he had not prepared a judgment and the court announced:

> Court is going to grant judgment in the amounts prayed for and proved, and grant the attorney's fees as testified to.

In Henry v. Cullum Companies, Inc., 891 S.W.2d 789, 792 (Tex.App.--Amarillo 1993, writ denied), we held that the announcement in open court is the critical moment when the judgment becomes effective and that the subsequent signing of the judgment is a ministerial act. The judgment presented to the trial court was prepared by counsel and signed by the trial court on the same day after the announcement by the trial court.

Moreover, Advanced Messaging contends it did not receive a copy of the proposed judgment. However, exhibits attached to the motion for new trial show a copy of the signed judgment was sent by facsimilie by the District Clerk on March 30, 2004, to its counsel who

11

then filed a motion for new trial. In order to constitute reversible error, Rule 44.1 of the Texas Rules of Appellate Procedure requires a showing of harm or prejudice and that the error was reasonably calculated to cause and probably did cause the rendition of an improper verdict. New Braunfels Factor Outlet v. IHOP, 872 S.W.2d 303, 310 (Tex.App.--Austin 1994, no writ). There being no allegation or showing of harm or prejudice, point of error three is overruled.

By point nine, Advanced Messaging contends the trial court erred in failing to grant its motion for new trial because (1) its failure to appear at the March 29, 2004 trial was not intentional or the result of conscious indifference, but due to mistake or accident, (2) it had a meritorious defense, and (3) there will be no injury from any delay if a new trial is granted. We disagree.

We review the decision of the trial court to deny a motion for new trial for an abuse of discretion. Cliff v. Huggins, 724 S.W.2d 778, 778 (Tex. 1987). To set aside a post-answer default judgment, Advanced Messaging must show (1) its failure to appear at trial was not intentional or the result of conscious indifference, but was due to mistake or accident, (2) there exists a meritorious defense to the suit, and (3) granting the motion will not delay or otherwise work an injury to Campus Design. Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124,126 (1939). A trial court abuses its discretion in failing to grant a new trial if all three *Craddock* elements are met. Old Republic Ins. Co v. Scott, 873 S.W.2d 381, 382 (Tex. 1994).

12

Advanced Messaging does not contend it did not know that the case was set for March 29, 2004, but instead contends it failed to appear because it had reasonable grounds to believe that a final judgment had been entered against it in August 2003.[10] However, the severed action on the promissory note became a different action. *See* In Re E.I. Du Pont De Nemours and Co*., 92 S.W.3d 517, 523 (Tex. 2003). *See also* Van Dyke v. Boswell, O'Toole, Davis & Pickering, 697 S.W.2d 381, 383 (Tex. 1985). Although Bunyan and Nichols are *pro se* litigants, they are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.--Amarillo 1998, pet. denied); Greenstreet v. Heiskell, 940 S.W.2d 831, 834-35 (Tex.App.--Amarillo 1997, no writ). Regarding the breach of contract claims, Advanced Messaging does not challenge the implied findings or the sufficiency of the evidence supporting the damages award on contract theories.

Because the failure to appear was not caused by accident or mistake, and Advanced Messaging has not demonstrated a meritorious defense to the breach of contract claims, we hold the trial court did not abuse its discretion in overruling the motion for new trial. Point of error nine is overruled.

---

[10]Apparently, this reference is to the partial summary judgment on the promissory note which was severed from this action on August 25, 2003, which followed the order of the trial court dated June 6, 2003, allowing defense counsel to withdraw.

Having held there was no evidence of fraud, the judgment of the trial court will be reformed to delete any reference to fraud and, as reformed, the judgment of the trial court is affirmed.

Don H. Reavis
Justice