NUMBER 13-05-609-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MPG PETROLEUM, INC. Appellant,


v.


CROSSTEX CCNG MARKETING, LTD., 

CROSSTEX ENERGY SERVICES, L.P., AND 

CROSSTEX ENERGY SERVICES, GP, LLC, Appellees.

 


On appeal from the 343rd District Court


of San Patricio County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Castillo


Memorandum Opinion by Chief Justice Valdez


 

 Appellant, MPG Petroleum, Inc. ("MPG"), sued Appellees, Crosstex CCNG
Marketing, Ltd., Crosstex Energy Services, L.P., and Crosstex Energy Services, G.P.,
L.L.C. (collectively "Crosstex"), for breach of contract, fraud, and negligent
misrepresentation. The trial court granted a combined traditional and no-evidence motion
for summary judgment in favor of Crosstex on the breach of contract claim, and a no-evidence motion for summary judgment in favor of Crosstex on fraud and negligent
misrepresentation claims. In two issues, MPG contends the trial court erred in: (1) granting
Crosstex's traditional and no-evidence motion for summary judgment on the breach of
contract claim; and (2) granting Crosstex's no-evidence summary judgment on the
remaining claims. For the reasons that follow, we affirm the trial court's judgment. 

I. FACTUAL AND PROCEDURAL HISTORY

 Crosstex is the owner and operator of a natural gas pipeline that crosses MPG's
leasehold. MPG and Crosstex entered negotiations whereby Crosstex would buy 100%
of the natural gas produced by MPG's well. MPG and Crosstex signed a "letter agreement"
dated March 12, 2003, stating that MPG would build a flow line from its well to Crosstex's
Gregory Gathering System. MPG later decided that the flowline would be too expensive
to do this. As a result, Crosstex and MPG developed a new plan whereby the natural gas
would be delivered directly to Crosstex's newly-acquired Ingleside-to-Refugio eight-inch
pipeline that crossed MPG's leasehold. MPG and Crosstex memorialized the new plan in
a second letter agreement, dated April 10, 2003. 

 The April 10, 2003 letter agreement stated that MPG would commit 100% of its
natural gas output from the well. MPG would construct flow lines to deliver the gas from
the well to the "agreed upon points of interconnection ('Points of Delivery') between the

facilities of MPG and Crosstex." (1) MPG would also be financially responsible for the
purchase and installation of the required fittings, valves, and measuring equipment at a
cost of $12,500. The agreement also outlined the term, price, and gas quality
specification. 

 After the April 10, 2003 letter agreement, MPG and Crosstex continued to negotiate
the measuring equipment's location and the flow line's specifications. The negotiations
included a field meeting in mid-May 2003, whereby the parties met to discuss the exact
location of the measuring equipment. Negotiations continued into September 2003 to
identify the measuring equipment's location. The parties were not able to agree on a
location. The formal contract mentioned in the letter agreement was never signed.

 On April 6, 2004, approximately seven months after negotiations ceased, MPG filed
suit. The trial court granted a hybrid traditional and no-evidence summary judgment on the
breach of contract claim, and a no-evidence summary judgment on the fraud and negligent
misrepresentation claims on June 21, 2005. II. STANDARD OF REVIEW

A. Traditional Summary Judgment Standard of Review

 The function of a summary judgment is to eliminate patently unmeritorious claims
and defenses, not to deprive litigants of the right to a jury trial. City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 n. 5 (Tex. 1979). We review de novo a trial
court's order granting a traditional motion for summary judgment. Joe v. Two Thirty-Nine
Joint Venture, 145 S.W.3d 150, 156 (Tex. 2004). The traditional summary judgment
movant has the burden of showing that no genuine issue of material fact exists, and that
it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). As defendant, Crosstex is entitled to
summary judgment if it conclusively negated an essential element of MPG's breach of
contract cause of action. S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). 
Crosstex bears the burden of proof and all doubts about the existence of a genuine issue
of material fact are resolved against it. See Nixon, 690 S.W.2d at 548-49. All evidence
and any reasonable inferences must be viewed in the light most favorable to MPG. Id. 

B. No-Evidence Summary Judgment Standard of Review

 A no-evidence motion for summary judgment is equivalent to a pretrial directed
verdict, and this court applies the same legal sufficiency standard of review. Ortega v. City
Nat'l Bank, 97 S.W.3d 765, 772 (Tex. App.-Corpus Christi 2003, no pet.) (op. on reh'g). 
In an appeal of a no-evidence summary judgment, this Court reviews the evidence in the
light most favorable to the nonmovant, disregarding all contrary evidence and inferences. 
Merrill Dow Pharms., Inc. v. Harner, 953 S.W.2d 706, 711 (Tex. 1997). We review a no-evidence summary judgment de novo. Id. If the nonmovant produces evidence that raises
a genuine issue of material fact, summary judgment is improper. Tex. R. Civ. P. 166a(i). 
All that is required of the nonmovant is to produce a scintilla of probative evidence to raise
a genuine issue of material fact. Ortega, 97 S.W.3d at 772. There is less than a scintilla
of evidence when the evidence is "so weak as to do no more than create a mere surmise
or suspicion" of a fact. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). 
There is more than a scintilla of evidence when the evidence allows reasonable and fair-minded people to differ in their conclusions. Id. The burden of producing evidence is
entirely on the non-movant; the movant has no burden to attach any evidence to the
motion. Tex. R. Civ. P. 166a(i). 

 No-evidence points will be sustained when: (a) there is a complete absence of
evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving
weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove
a vital fact is no more than a scintilla; or (d) the evidence conclusively establishes the
opposite of a vital fact. King Ranch, 118 S.W.3d at 751. When the trial court does not
specify the basis upon which it granted summary judgment, the appellate court must affirm
if any one of the movant's theories has merit. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471,
473 (Tex. 1995). 

III. DISCUSSION

A. Breach of Contract Claim 

 In its first cause of action, MPG alleges that Crosstex breached the April 10, 2003
letter agreement. Crosstex moved for a hybrid traditional and no-evidence summary
judgment against MPG's breach of contract claim on the following grounds: (1) there was
no meeting of the minds as to the point of delivery (points of interconnection), an essential
element of the contract; (2) there was a lack of consideration; and (3) MPG was not injured
by the alleged breach. Crosstex's motion was not clearly segregated into traditional and
no-evidence summary judgment grounds. MPG, however, did not lodge an exception to
any ambiguity in the motion. See McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d
337, 342-43 (Tex. 1993). The trial court granted summary judgment, but did not specify
whether its grant pertained to the traditional motion, the no-evidence motion, or both. We
must, therefore, analyze the no-evidence summary judgment first, followed by the
traditional summary judgment. See Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600
(Tex. 2004).

 In general, a contract is legally binding only if its terms are sufficiently definite to
enable a court to understand the parties' obligations. Fort Worth Indep. Sch. Dist. v. City
of Fort Worth, 22 S.W.3d 831, 846 (Tex. 2000). The Restatement asserts that contract
terms are reasonably certain "if they provide a basis for determining the existence of a
breach and for giving an appropriate remedy." Restatement (Second) of Contracts §
33(2) (1981). Of the several elements required for a legally binding contract, two important
elements are that the parties (1) have a meeting of the minds and (2) communicate
consent to the terms of the agreement. Smith v. Renz, 840 S.W.2d 702, 704 (Tex.
App.-Corpus Christi 1992, writ denied). 

 Whether an agreement fails for indefiniteness is a question of law to be determined
by the court. See T.O. Stanley Boot Co., Inc. v. Bank of El Paso, 847 S.W.2d 218, 221
(Tex. 1992). A binding contract may be formed if the parties agree on the material terms,
even if they leave other provisions for later negotiation. Scott v. Ingle Bros. Pac., Inc., 489
S.W.2d 554, 556 (Tex. 1972) (citing 1 Corbin on Contracts (1963) 87-91). Where a
contract leaves essential terms open for future negotiation and adjustment, there is no
binding contract that can be enforced. See T.O. Stanley Boot, 847 S.W.2d at 221;
Engelman Irrigation Dist. v. Shields Bros., 960 S.W.2d 343, 352 (Tex. App.-Corpus Christi
1997, pet. denied). Texas courts favor validating transactions rather than voiding them,
but courts may not create a contract where none exists and they generally may not add,
alter, or eliminate essential terms. Oakrock Exploration Co v. Killam, 87 S.W.3d 685, 690
(Tex. App.-San Antonio 2002, pet. denied). 

 A letter agreement may be binding even though it refers to the drafting of a future,
more formal agreement. See Foreca, S.A. v. GRD Dev. Co., Inc., 758 S.W.2d 744, 746
(Tex. 1988). But an agreement to make a future contract is enforceable only if it is
"specific as to all essential terms, and no terms of the proposed agreement may be left to
future negotiations." Fort Worth Indep. Sch. Dist., 22 S.W.3d at 846 (quoting Foster v.
Wagner, 343 S.W.2d 914, 920-21 (Tex. App.-El Paso 1961, writ ref'd n.r.e.)). It is well
settled law that an agreement that leaves material matters open for future adjustment and
agreement that never occur, is not binding upon the parties and merely constitutes an
agreement to agree. Id.

 The April 10, 2003 letter agreement left the delivery point open for future
negotiation. The letter agreement states the point of delivery to be "at the agreed upon
points of interconnection (Points of Delivery) between the facilities of MPG and Crosstex." 
Crosstex contends in its summary judgment motion that point-of-delivery is an essential
term in a gas purchase agreement. MPG does not dispute this point, but contends that the
letter agreement sufficiently described the point of delivery. We disagree. 

 The letter agreement, by its very terms, left the point of delivery up to future
negotiation. The letter agreement was not specific as to all essential terms because it left
the point of delivery to future negotiations. See Fort Worth Indep. Sch. Dist., 22 S.W.3d
at 846. Reviewing the evidence in the light most favorable to MPG, we find that the April
10, 2003 letter agreement was an unenforceable agreement to agree. The trial court
properly granted no-evidence summary judgment. Because resolution of this issue on no-evidence grounds is dispositive, we need not address the traditional summary judgment
grounds. See Ridgway, 135 S.W.3d 598 at 600; Tex. R. App. P. 47.1. We overrule MPG's
first issue. B. Fraud and Negligent Misrepresentation Claims

 As a preliminary matter, MPG complains on appeal that because there was not
adequate time for discovery, the trial court should have denied Crosstex's no-evidence
summary judgment. When a party contends that it has not had adequate opportunity for
discovery before a summary judgment hearing, it must file either an affidavit explaining the
need for further discovery or a verified motion for continuance. Tenneco Inc. v. Enter.
Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996). MPG did neither, and any complaint on this
issue is waived. Tex. R. App. P. 33.1(a)(1); Tenneco Inc., 925 S.W.2d at 647. 

1. Fraud

 In its suit, MPG alleged that Crosstex engaged in common law fraud. To recover
for common law fraud, MPG must prove that: (1) Crosstex made a material representation;
(2) the representation was false; (3) the representation was made with knowledge of its
falsity or made recklessly without any knowledge of the truth and as a positive assertion;
(4) Crosstex made the representation with the intention that it should be acted on by MPG;
(5) MPG acted in reliance on the misrepresentation; and (6) MPG thereby suffered injury. 
See Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 211 n. 45 (Tex. 2002); Ernst
& Young v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001); T.O. Stanley Boot,
847 S.W.2d at 222. A promise of future performance constitutes an actionable
misrepresentation if the promise was made with no intention of performing at the time it
was made. See Schindler v. Austwell Farmers Coop., 841 S.W.2d 853, 854 (Tex. 1992). 
While intent is determined at the time the party makes the representation, it may also be
inferred from the party's subsequent acts after the representation is made. Spoljaric v.
Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex. 1986). But the mere failure to perform a
contract is not evidence of fraud. See Schindler, 841 S.W.2d at 854. 

 In its no-evidence motion for summary judgment, Crosstex contended that MPG
produced no evidence for any of the requisite elements. Specifically, Crosstex sought to
show that MPG failed to produce evidence that (1) Crosstex made a false representation
knowingly, or recklessly without any knowledge of the truth; (2) MPG justifiably relied on
Crosstex's representations; and (3) MPG suffered damages. To defeat the motion, MPG
was required to produce a scintilla of probative evidence as to each element to raise a
genuine issue of material fact. See Ortega, 97 S.W.3d at 772.

 To establish the requisite elements of fraud, MPG referenced the attached affidavit
of Margaret P. Graham, MPG's owner and president. Graham stated:

 Defendants' representations concerning the location on Plaintiff's Brammer
leasehold where the connection to its pipeline would be made were either false at
the time they were made, or Defendants concealed that they had no intention of
establishing a connection on this leasehold acreage. I would not have signed [the
April 13, 2003 letter] [sic] if I had known Defendants had no intention of providing
a connection to their pipeline on this acreage; were going to immediately begin
looking for an off-site location for a point of connection; and were going to deny that
any agreement for a connection point on the Brammer #3 lease acreage was ever
reached. 


A summary judgment may be based on the uncontroverted testimonial evidence of an
interested witness if the evidence is clear, positive, direct, otherwise credible and free from
contradictions and inconsistencies, and could have been readily controverted. Trico
Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997). Affidavits must set forth facts
and cannot be conclusory. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996). 
"Subjective beliefs" are not susceptible to being readily controverted, and are, therefore,
not competent summary judgment evidence. Tex. Div.-Tranter, Inc. v. Corrozza, 876
S.W.2d 312, 314 (Tex. 1994).

 Viewing MPG's summary judgment evidence in the light most favorable to MPG, we
conclude that MPG failed to produce competent summary judgment evidence to raise a
genuine issue of material fact regarding the requisite element that Crosstex made a false
representation knowingly, or recklessly without any knowledge of the truth. The trial court
properly granted summary judgment on MPG's fraud claim. 

2. Negligent Misrepresentation

 In its third cause of action, MPG alleged that Crosstex negligently misrepresented
certain information in its dealings with MPG. To recover for negligent misrepresentation,
MPG must prove that: (1) Crosstex made a representation in the course of its business,
or in a transaction in which it has a pecuniary interest; (2) Crosstex supplied "false
information" for the guidance of others; (3) Crosstex did not exercise reasonable care or
competence in obtaining or communicating the information; and (4) MPG suffered
pecuniary loss by justifiably relying on the representation. Fed. Land Bank Ass'n v. Sloane,
825 S.W.2d 439, 442 (Tex. 1991). The sort of "false information" contemplated in a
negligent misrepresentation case is a statement of existing fact, not a promise of future
conduct. Key v. Pierce, 8 S.W.3d 704, 709 (Tex. App.-Fort Worth 1999, pet. denied);
Allied Vista, Inc. v. Holt, 987 S.W.2d 138, 141 (Tex. App.-Houston [14th Dist.] 1999, pet.
denied). Crosstex asserted in its no-evidence summary judgment motion that MPG
produced no evidence that Crosstex made a false statement, or that MPG justifiably relied
on any representation Crosstex made.

 In its response to the no-evidence summary judgment motion, MPG referenced the
attached affidavit of Margaret P. Graham. In her affidavit, Graham identifies as "false
information" told by Crosstex to her that it would connect to the pipeline on her leasehold
and place the sales meter at the pipeline. MPG's response also references the deposition
of Scott Brown, a Crosstex employee. Brown states in his deposition that the April 10,
2003 letter agreement contemplated the meter being placed right next to the pipeline. 
Graham also states in her affidavit that Crosstex's representations were "either false at the
time they were made, or [Crosstex] concealed that they had no intention of establishing a
connection on the leasehold acreage." 

 Despite Graham's subjective belief that she was given false information, this type
of promise of future conduct is not the type of "false information" contemplated by the tort
of negligent misrepresentation. See Key, 8 S.W.3d at 709. Such statements are not
statements of existing fact, and are not actionable in negligent misrepresentation. Id. at
709. Reviewing this evidence regarding MPG's negligent misrepresentation claim in the
light most favorable to MPG, we conclude that MPG's summary judgment evidence failed
to raise a genuine issue of material fact as to the "false information" element of their claim. 
The trial court properly granted Crosstex's no-evidence summary judgment on this motion. 

 We overrule MPG's second issue.

IV. CONCLUSION

 The trial court properly granted Crosstex's no-evidence summary judgment motions. 
We affirm the trial court's judgment. 

 ROGELIO VALDEZ

 Chief Justice



Concurring and Dissenting Memorandum Opinion 

by Justice Errlinda Castillo.

 

Memorandum Opinion delivered and 

filed this the 5th day of October, 2006. 
1. Quote taken from the April 10, 2003 letter agreement. The location of this point, or these points, of
interconnection is at the center of the dispute. Crosstex alleges that the interconnection point is a material
or essential element of the agreement, and the interconnection point was left up to future negotiation. 
According to Crosstex, there was, therefore, no "meeting of the minds," and thus no contract.