NO. 07-08-00411-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
29, 2010

 



 

DARREL ZOUZALIK AND KEN DRAKE, APPELLANTS

 

v.

 

WELLS FARGO BANK, N.A. AND WELLS FARGO EQUIPMENT FINANCE, INC., APPELLEES 



 



 

 FROM THE 237TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2007-540,218; HONORABLE SAM ABEL MEDINA, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Darrel Zouzalik and Ken Drake appeal a summary judgment granted appellees Wells Fargo Bank, N.A. and Wells Fargo Equipment
Finance, Inc., (collectively Wells Fargo), on a promissory note.  Zouzalik and Drake
argue the note was made under duress. 
Finding the summary judgment evidence does not raise an issue of fact on
each element of this affirmative defense, we will affirm.  

 

 

Background

Zouzalik and Drake are
officers of World Wide Fibers, Inc. 
World Wide leased warehouse space for its cotton from Triangle Textiles,
Ltd. for a monthly base rent of $62,000. 
WestCal Corporation contracted to buy the
warehouse property from Triangle. In an amended and restated lease agreement
executed in May 2007, World Wide agreed that in the event the Triangle-WestCal sale closed, its lease would terminate on July 15,
2007.  According to Zouzalik
and Drake, Kevin Yang, as agent for WestCal,
threatened to lock World Wide from the building containing its cotton unless
World Wide paid rent of $31,000 for the July 1-15 period.  On June 25, Zouzalik
and Drake, as officers of World Wide and its guarantors, made a promissory note
to WestCal for $31,000 as payment of the July
rent.  The note required full payment by
July 15.  Payment was not made.

In December, WestCal assigned the note to Wells Fargo which sued World
Wide, Zouzalik, and Drake on the note and
guarantees.  Wells Fargo obtained summary
judgment against World Wide and the action was severed from the claims against Zouzalik and Drake. 
Wells Fargo then moved for summary judgment against Zouzalik
and Drake as guarantors of the World Wide indebtedness.  By amended answer and summary judgment
response, Zouzalik and Drake asserted they executed
the note under duress exerted by Yang as agent for WestCal.  The trial court granted summary judgment in
favor of Wells Fargo for the full amount of the note and attorney=s fees.  This appeal followed. 

 

Discussion

Through one issue,
Zouzalik and Drake contend the grant of summary
judgment was error.  This is because,
they argue, their evidence raised an issue of fact on the affirmative defense
of duress.  

We review a
summary judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005).  When conducting a de
novo review of a traditional summary judgment we apply the following rules:


(1) The movant has the
burden of showing that there is no genuine issue of material fact and that it
is entitled to judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to
the nonmovant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the nonmovant
and any doubts must be resolved in favor of the nonmovant.

 

Am. Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex. 1997) (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49
(Tex. 1985)).  A non-movant resisting a motion for summary judgment on an
affirmative defense must present sufficient evidence to raise a genuine issue
of material fact on each element of the defense.  Brownlee v. Brownlee, 665
S.W.2d 111, 112 (Tex. 1984). 

Duress is a
defense to enforcement of a contract.  King v. Bishop, 879 S.W.2d 222, 224 (Tex.App.BHouston
[14th Dist.] 1994, no writ). 
Duress sufficient to invalidate a contract requires proof of: (1) a
threat to do something a party has no legal right to do, (2) an illegal
exaction or some fraud or deception, and (3) an imminent restraint that
destroys the free agency of the victim who lacks a present means of
protection.  Wright
v. Sydow, 173 S.W.3d 534, 544 (Tex.App.BHouston
[14th Dist.] 2004, pet. denied) (citing Dale v.
Simon, 267 S.W. 467, 470 (Tex. 1924)); Simpson v. MBank
Dallas, N.A., 724 S.W.2d 102, 109 (Tex.App.BDallas
1987, writ ref=d n.r.e.). 

Zouzalik and Drake present
their evidence of duress through their summary judgment affidavits.  They aver that Yang as agent for WestCal threatened to lock the building if Zouzalik and Drake did not pay rent of $31,000 for July 1
through 15.  On June 25, they signed a
note for $31,000 to pay the rent because, A[t]o the best of
[their] knowledge@ they knew of no other means to prevent
the lock-out.  Access to the cotton was
required, they add, as revenue from its delivery was necessary for World Wide’s continued business operation.

According to the
lease agreement, a Adefault@ would occur if
World Wide failed to pay a rental installment on the due date and the
obligation remained unpaid for five days thereafter.  If a default occurred, the lease agreement gave the landlord
an option.  It could terminate the lease
by written notice to World Wide.  In that
event, the lease automatically terminated on the date specified by the
notice.  Or it could terminate World Wide=s right of possession of the
leasehold without terminating the lease, reenter, take possession of the
property, operate it, and collect Athe rents, issues, and profits therefrom
all for the account of [World Wide].@

Zouzalik and Drake do not contend WestCal lacked authority to enforce the lease agreement=s covenant to pay rent by exercising
one of the options granted by the agreement. 
Further, whether relying on automatic termination of the lease or a
right of reentry, there is no evidence that WestCal
could not on default have lawfully locked the property, including the building
containing the cotton of World Wide.  The
summary judgment evidence thus does not present an issue of fact that Yang
threatened an act for which no legal right existed.

Review of applicable statutory
provisions does not suggest a different conclusion.  The Property Code allows a commercial
landlord to change the door locks of a tenant “who is delinquent in paying at
least part of the rent.”  Tex. Prop. Code
Ann. ' 93.002(c) (Vernon 2007).  Therefore, if World Wide became delinquent
for some or all of the July rent, WestCal had the
legal right to exclude World Wide from the premises by changing the door locks
in conformity with the statute.[1]  And it is the threat to lock World Wide out
for non-payment of rent that Zouzalik and Drake urge
as the basis for their duress defense. 
Since exclusion of a tenant from a leasehold by
changing door locks, according to the requirements of statute, is the legal
right of a commercial landlord, Yang=s threat of a lock-out was not on its face unlawful.

Because WestCal
possessed a legal right by the lease agreement or statute to lock World Wide
out, and the summary judgment record creates no fact issue of the converse,
summary judgment for Wells Fargo was proper.

Conclusion

Finding the summary judgment evidence
does not create an issue of fact on each element of duress,
we overrule appellants= issue and affirm the judgment of the
trial court.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

            








 











[1] 
The Property Code further provides:

If a landlord or a landlord=s agent changes
the door lock of a tenant who is delinquent in paying rent, the landlord or
agent must place a written notice on the tenant=s front door
stating the name and the address or telephone number of the individual or
company from which the new key may be obtained. 
The new key is required to be provided only during the tenant=s regular business
hours and only if the tenant pays the delinquent rent.

Tex. Prop. Code Ann. ' 93.002(f) (Vernon
2007).